or generally negligent police commissioner, or that he has not the capacity or fitness to properly perform the duties of that office. We think that his removal from office for an unintentional neglect of one of his many duties cannot be regarded as within the letter or spirit of the statute.

Motion to confirm the report of the referee denied, and proceedings dismissed. The applicant should be required to pay the referee's fees and stenographer's bill, as adjusted by this court. All concur.

FANIZZI v. NEW YORK & Q. C. R. CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS—NEGLIGENCE.

A passenger on a street car who was smoking struck a match, and then threw it away while lighted, so that it ignited the frock of a female passenger, which blazed and caused a panic in the car, because of which plaintiff either was thrown, pushed, or jumped from the car and was injured. The motorman then stopped the car and acted promptly in the emergency in extinguishing the fire. *Held*, that such facts were insufficient to establish negligence on the part of the railway company.

2. SAME—PROXIMATE CAUSE.

The fact that the passenger was permitted to smoke on the front seat of the car, in violation of a rule of the company, was not the proximate cause of the injury.

3. NEGLIGENCE—PROXIMATE CAUSE—QUESTION FOR COURT.

Where there is no dispute as to the facts, the question of the proximate cause of an injury is for the court.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig..Negligence, § 292.]

Appeal from Queens County Court.

Action by Dominico Fanizzi against the New York & Queens County Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

George F. Hickey (William E. Stewart, on the brief), for appellant.
Nath. S. Corwin (Van Vechten Veeder, on the brief), for respondent.

JENKS, J. The action is for negligence. The plaintiff complains that when a passenger in a car of the defendant's street surface railroad an explosion occurred on the car, accompanied by smoke and flame; that thereupon there was a panic, and he was either thrown or pushed from the car, or jumped therefrom, and was thereby injured. The defendant showed that the fuse did not blow out, and explained that some passengers were seated on the front seat smoking, of whom one struck a match, and then threw it away while lighted, so that it ignited the frock of a woman passenger, which, being of flimsy stuff, blazed into flame and caused the panic. At the close of the case and after the charge to the jury, the plaintiff stated that he would have to adopt the defendant's explanation; whereupon the court granted the defendant's motion for a direction of a verdict, and denied under exception the plaintiff's request for a submission to the jury of the ques-

tion whether the accident happened by reason of the disobedience of a rule of the defendant that prohibited smoking by passengers save when they sat on the last three seats of such car.

I think that the learned County Court did not err. (1) Without regard to the rule. There is no proof tending to show negligence after discovery of the accident. On the contrary, the testimony shows that the motorman stopped the car, and then acted promptly in the emergency in extinguishing the fire and in saving the passenger from injury. I cannot discriminate the case from that of Sullivan v. The Railway Co., 133 Mo. 1, 34 S. W. 566, 32 L. R. A. 167, which in its facts is strikingly similar. The judgment in that case absolves the defendant upon grounds that to me seem cogent and convincing. (2) With regard to the rule. If the passenger who struck the match had not sat in such proximity to the woman with the flimsy frock as that a flaring match carelessly cast aside might come in contact with the frock, then there would have been no burning of the frock from that cause; and if the passenger had not required a lighted match he would not have struck it; and if he had not been smoking and desired to relight his cigar, or cigaretts, or pipe, or proposed to smoke, he would not have struck the match; and if he had not struck the match it would not have been aflame, so as to ignite the frock; and if the passenger had complied with the regulation, or it had been enforced when he broke it, then he would not have smoked or have begun to smoke in that seat. But until you can predicate of a passenger who is smoking or proposes to smoke, while occupying a seat other than those reserved for smokers, that as the result of such act he will strike a match, and will cast it aside while aflame in such a fashion as to ignite any inflammable material then near him, "you have," in the words of McSherry, C. J., in Tall v. Steam Packet Co., 90 Md. 259, 44 Atl. 1010, 47 L. R. A. 120, "speculation." The learned judge further says:

"You may have a sequence of events which are purely accidental in their relation, but are not inherently or necessarily the successive results of preceding causes."

In Tall's Case, supra, during a game of cards played in the defendant's boat, a dispute arose, angry words followed, and one of the gamesters shot at his opponent, missed him, and hit the plaintiff. The trial court excluded a rule that prohibited gambling on the boat, and the Court of Appeals held that the ruling was proper, inasmuch as, even if the captain had violated any rule, that fact was not evidence of negligence that contributed to the injury. The discussion on the judgment seems to me lucid and logical, and the principle asserted is applicable to the case at bar. Writing for this court, I have discussed the question of proximate cause at great length in Trapp v. McClellan, 68 App. Div. 362, 74 N. Y. Supp. 130, and I think much of that discussion is germane to this case. The request for submission was limited to the question whether the violation of the rule against smoking, save in the last three seats, was the cause of the accident. There was no dispute as to the facts, and therefore the question of proximate cause was for the court. Hoffman v. King, 160 N. Y. 618–628, 55 N. E. 401, 46 L. R. A. 672, 73 Am. St. Rep. 715.

The judgment must be affirmed, with costs. All concur.