W. M. PRUETT v. SOUTHERN RAILWAY COMPANY.

(Filed 26 November, 1913.)

**Carriers of Passengers—Negligence—Accident—Damnum Absque Injuria—Trials—Evidence—Nonsuit.**

A railroad company is not responsible for an injury caused to one of its passengers by another which it could not reasonably have anticipated or prevented; and it appearing in this case that the plaintiff was riding with three passengers on seats turned so that they face each other, and that after drinking whiskey from a bottle, one of the passengers attempted to throw the bottle from the window in a curved tunnel, and the bottle was shattered against the rugged side of the tunnel, causing some of the fragments of glass to fly back and injure the plaintiff's eye, it is *Held*, that the injury thus sustained was accidental, an unusual and unexpected event, from which no damages are recoverable of the railroad.

APPEAL by plaintiff from *Justice, J.,* at Fall Term, 1913, of CLEVELAND.

Civil action. At the conclusion of the evidence the court sustained motion to nonsuit, and the plaintiff excepted and appealed.

*Webb & Mull for plaintiff.*
*O. F. Mason and O. M. Gardner for defendant.*

BROWN, J. The evidence seems to be undisputed, and all of it tends to prove that on 12 August, 1911, the plaintiff was a

passenger on the defendant's train and occupied the rear seat in the smoking compartment.

There were two other seats on that side in front of the plaintiff's seat, and these seats were turned so that the four other passengers occupying them sat facing each other; the windows were up, as the weather was hot; one of these four fellow-passengers had a bottle with some whiskey in it; the bottle was passed and the whiskey drunk and the empty bottle was thrown out of the window, and it struck against the bank of a cut through which the train was passing, and broke, and pieces of it came back through the window of the car at which plaintiff was sitting and cut his eye; the banks of this cut were jagged and perpendicular (it being a rock cut), and the roadbed passed through the cut on a curve, and the right side of the track was higher than the left side or inside of the curve.

We are of opinion that the injury to the plaintiff resulted from no negligence of the defendant, for there is no evidence that the defendant failed in any duty it owed him.

The misfortune was occasioned by a pure accident, that reasonable care and foresight could not well guard against. It was "an unusual and unexpected event from a known cause, a chance casualty." *Crutchfield v. R. R.,* 76 N. C., 322.

As Webster defines it, "an accident in law is equivalent to *casus,* or such unforeseen, extraordinary extraneous interference as is out of the range of ordinary calculation."

All the courts and text-writers agree that mischief, which could by no reasonable possibility have been foreseen, and which no reasonable person would have anticipated, cannot be taken into account as a basis upon which to predicate a wrong.

The carrier is not required to foresee and guard the passenger against all injuries, but only against such as from the circumstances may reasonably be expected to occur. *Penny v. R. R.,* 153 N. C., 296; *Britton v. R. R.,* 88 N. C., 536.

A common carrier is not a guarantor of the safety of its passengers under all circumstances, but is required only to exercise proper care to guard them against injuries which may reasonably be anticipated.

IRVIN *v.* R. R.

A carrier of passengers "is not responsible for either violent acts or their consequences, if they could not reasonably have been anticipated as within the range of possibility, nor for such acts ·as he could not, with due care and diligence, prevent." Shearman and Redfield on Negligence (6th Ed.), sec. 512.

A passenger on a street car who was smoking struck a match and then threw it away while lighted, so that it ignited the frock of a female passenger, which blazed and caused a panic on the car, because of which plaintiff either was thrown, pushed, or jumped from the car and was injured: *Held,* that such facts were insufficient to establish negligence on the part of the railway company. *Fanizzi v. R. R.,* 99 N. Y. S., 281; 113 App. Div., 440; *Sullivan v. R. R.,* 32 L. R. A., 167.

"A carrier is not responsible for injury to a passenger from the acts of another passenger, unless the circumstances are such that by the exercise of ordinary care he could have anticipated the danger and guarded against it." *Adams v. R. R.,* 121 S. W., 419.

"The rule that it is the duty of a carrier to use the highest degree of care to protect the passenger from wrong or injury by a fellow-passenger applies only when the carrier has knowledge of the existence of the danger, or of the facts and circumstances from which the danger may be reasonably anticipated." *Norris v. R. R.,* 88 S. C., 15; 65 S. E., 950; *Railway Co. v. Duncan,* 121 S. W., 362.

The judgment of the Superior Court is
Affirmed.