GEORGE GRAHAM v. NORFOLK SOUTHERN RAILWAY COMPANY.

(Filed 12 September, 1917.)

1. Carrier of Passengers — Infirm Passenger — Duty of Carrier — Negligence.

   A carrier of passengers is not liable for an injury to a passenger leaving the car at his destination, caused solely by his physical infirmity, when the assistance of its employees in charge of the cars had not been requested upon opportunity thereto afforded, and in the exercise of proper care of the passengers they were in ignorance of the circumstances requiring their assistance.

2. Appeal and Error—Verdict Set Aside—Matters of Law.

   Where the trial judge sets aside a verdict as a matter of law, and not within his discretion, an appeal will lie, and the verdict reinstated when he was in error in so acting.

CIVIL ACTION tried before *Daniels, J.*, at February Term, 1917, of BEAUFORT, upon this issue:

Was plaintiff injured by negligence of defendant as alleged? Answer: "No."

His Honor set aside the verdict for error of law in charging jury and not in his discretion. Defendant excepted and appealed. Plaintiff also appealed.

*Daniel & Warren for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

DEFENDANT'S APPEAL.

BROWN, J. Plaintiff testified that he was a passenger for Wilmar on defendant's road; that the porter passed through car and called station; that he was crippled at time and started for door in company with another negro named Fulcher; as he reached second step, train was jerked violently and he was thrown on his head and a dent made in it, causing serious injury, confining him for three months.

Plaintiff offered other evidence tending to prove injury and damage. Defendant denied the injury and the negligence and offered evidence tending to prove that the conductor took the proper position between colored and white cars when train stopped at Wilmar, and was in a position to help any passenger needing assistance; that plaintiff did not ask for assistance, and that conductor did not see him fall. Defendant offered other evidence tending to corroborate this, and also testimony of a physician that he examined plaintiff ten days after the alleged injury and found no wound in his head or other evidence of injury, and that plaintiff was then in good physical condition.

The jury after taking the case returned and asked certain information. The following colloquy took place between the jury and the judge:

Q. The jury wants to ask a little information; whether the conductor and the porter—whether the law requires the conductor and porter to be at the exit of the coach when the passengers are getting off?

A. I don't know that that is so; the evidence here was that their place was between the colored coach and the white coach.

Q. What the jury wants to know is, whether the law requires them to be there?

A. Neither the porter or conductor is required to assist the passengers unless the passenger requests it, or unless in the position they occupy they could see, in the exercise of reasonable care, that they were in need of assistance.

Q. There is one other question; whether the porter is required to open the door and call the stations?

A. The law requires that an announcement shall be made; the testimony in this case was that the porter went through the car; I don't think there is any requirement as to the place they shall occupy.

Q. The conductor and porter were not required to have a regular station when the passengers were getting out of the train?

A. In this case the evidence was that they were at their usual places where they stood, between the two cars; and so far as appears, they were in the places where they ought to have been.

In view of the evidence in this case we are of opinion that there is no substantial error in above instructions. It is well settled that when a passenger is sick, blind, or crippled and infirm, and his condition is

GRAHAM *v.* R. R.

*apparent* or *made known* to the carrier, it is bound to render the passenger necessary assistance in boarding or alighting from its cars. 4 R. C. L., 1235. It is also well settled that a carrier will not be liable for failure to assist when not asked and when ignorant of the need for assistance. *Ibid., Southern Ry. v. Hobbs,* 63 L. R. A., 68; *Anderson v. R. R.,* 161 N. C., 462; *Clark v. Traction Co.,* 138 N. C., 82.

The evidence of plaintiff is that the porter came through the car and called the station; that he did not ask for assistance or make known his condition to the porter or conductor, but undertook to get off the car in company with one Fulcher. Plaintiff had ample opportunity to notify the conductor when he took up his ticket, and also the porter when he passed through the car before reaching Wilmar.

In view of the evidence, we think the judge erred in setting aside the verdict as matter of law.

The verdict will be reinstated and judgment rendered for defendant.

Reversed.

### PLAINTIFF'S APPEAL.

Plaintiff's assignments of error are all directed to the charge of the court.

It is assigned as error that the court charged that no duty rested on defendant to assist the plaintiff in getting off the train, but only to allow him a reasonable time to get off. The full instruction is as follows:

"The court charges you that there was no duty resting on defendant to assist plaintiff in getting off the train, but only to allow him a reasonable time to get off, unless he had requested, called attention to any infirmity which he might have had and requested assistance, or if in attempting to get off the defendant's conductor or porter could, in the exercise of reasonable care—such as they were required to bestow at the time passengers were alighting—could have observed that he was crippled and unable to help himself."

There can be no question that this is a correct statement of the law as universally declared by the courts and text-writers.

We have examined the other assignments of error, and think they are without merit and are covered by what is said in the opinion in defendant's appeal. The charge as a whole appears to be a fair and clear presentation of the case to the jury.

On plaintiff's appeal we find

No error.