Civil action to recover damages for personal injuries alleged to have been caused by the neglect or default of the defendant.
On 9 August, 1937, the plaintiff purchased a ticket from an agent of the defendant in New York and took passage on one of its buses for Charlotte, N.C. While traveling through the State of Virginia the plaintiff asked the driver to stop the bus and allow him to leave it for the purpose of relieving the pressure on his kidneys. Pursuant to this *Page 587 
request, the bus was stopped at a filling station on the side of the road about five miles south of Martinsville. As plaintiff was returning to the bus and while approximately fifteen feet away, he was assaulted by an unidentified person and injured in the fight which ensued.
It is in evidence that the porter and driver of the bus saw the fight but made no effort to assist the plaintiff. The defendant's evidence is to the effect that the assault was wholly unexpected and so quickly over that neither the porter nor the driver had time to go to plaintiff's assistance.
From verdict and judgment in favor of the plaintiff, the defendant appeals, assigning errors.
The plaintiff was a passenger on defendant's bus. He did not lose his rights as such in the circumstances disclosed by the record by leaving the bus temporarily for a lawful purpose. Wallace v. R. R., 174 N.C. 171,93 S.E. 731. His status was that of a passenger at the time of the assault.Goodman v. Queen City Lines, 208 N.C. 323, 180 S.E. 661.
Whether the employees of the defendant could have come to his rescue, and negligently failed to do so, after discovering his peril, was submitted to the jury under proper instructions from the court. Mills v. R. R.,172 N.C. 266, 90 S.E. 221. The evidence on this issue was conflicting.Pruett v. R. R., 164 N.C. 3, 80 S.E. 65.
We have discovered no reversible error. The verdict and judgment will be upheld.
No error.