BEATRICE SMITH v. CAMEL CITY CAB COMPANY.

(Filed 5 June, 1947.)

**1. Carriers § 1—**

The operator of taxicabs for hire under franchise or license is under duty of a common carrier in regard to the safety of passengers in transit in so far as this rule of liability can be applied to this mode of transportation.

**2. Carriers § 21a (2)—**

A common carrier is under duty to protect its passengers from assault by intruders when by the exercise of due care the acts of violence might have been foreseen or anticipated and the carrier could have avoided injury to the passenger by the exercise of proper care, and the carrier is liable in damages proximately resulting from negligent breach of duty in this respect.

**3. Same—**

While the driver of a taxicab is not under duty to interfere in a fight on the sidewalk between third parties and one who is desirous of becoming a passenger but who has not entered the vehicle, after such person has been accepted as a passenger and entered the conveyance, the duty of a common carrier in regard to the safety of its passengers in transit attaches, and it may be held liable for personal injuries or loss of packages accepted with the passenger for transportation, proximately resulting from negligent breach of this duty.

**4. Same—**

Evidence tending to show that a person who had called a cab was assaulted as she left her place of business to enter the cab, that she finally managed to get into the cab and that the driver drove half a block with passenger's assailants surrounding, that the driver then stopped the cab and left the scene, and that the passenger received serious injury in the fight and lost her goods she had taken with her in the cab, *is held* sufficient to overrule defendant cab company's motion to nonsuit.

**5. Negligence § 16—**

In this action by a passenger in a cab to recover for injuries resulting from an assault by intruders, the complaint *is held* not to establish contributory negligence as a matter of law, and defendant cab company's demurrer *ore tenus* was properly overruled.

APPEAL by defendant from *Clement, J.,* at February Term, 1947, of FORSYTH. No error.

This was an action for damages for personal injuries received and property lost while plaintiff was a passenger in one of defendant's taxicabs. It was alleged that defendant's driver negligently failed to protect plaintiff from an assault being made upon her.

Issues were submitted to the jury and answered in favor of plaintiff, and from judgment on the verdict, the defendant appealed.

*William H. Boyer and H. Bryce Parker for plaintiff.*
*W. Avery Jones and Hosea V. Price for defendant.*

DEVIN, J.   The only assignment of error presented by the defendant in this Court is the denial of its motion for judgment of nonsuit.   All other exceptions noted in the trial below have been abandoned.

This raises the question of the sufficiency of the evidence offered, considered in the light most favorable for the plaintiff, to warrant submission of the case to the jury.   The material facts were these: The plaintiff operates a cafe on North Cherry Street in Winston-Salem.   On the evening of 31 December, 1944, plaintiff caused a woman by the name of Fostena Phillips to be arrested for disorderly conduct.   Fostena subsequently secured bail, and with her sister Mavin and some other friends, went to a place near plaintiff's cafe and waited for her to come out. Plaintiff closed up about 2 :00 a.m. and called one of defendant's cabs to take her home as she had frequently done.   The defendant's cab, driven by a regular employee who knew plaintiff and where she lived, came in response and drew up in front of the cafe.   Plaintiff had one of her employees put in the cab several packages containing shoes, cigarettes, and some currency amounting to about $80.   When plaintiff started across the sidewalk to the cab, Fostena and her friends appeared and attacked plaintiff and a fight ensued.   Plaintiff succeeded in getting on the front seat of the cab, was pulled out, and the fight renewed.   Plaintiff succeeded in getting back in the cab and the driver was urged to drive off.   This he failed to do, saying, "I am going to see this well done."   He did, however, let the cab roll down to a dark spot about half a block away, with plaintiff's assailants still holding on to the cab and trying to fight her.   Here the driver stopped the cab, got out, opened the back door and departed.   The plaintiff testified "the girls" were fighting her, but she could not start the car as the driver had taken the switch keys.   She then managed to get out on the other side, and was rescued by a man named Smith who drove up in his car at this time, her assailants fighting her all the way across to Smith's car. . . . She said, "All during the fighting the girls had been hitting me with a stick, a blackjack, one of the shoes off one of my feet."   Plaintiff was carried to the hospital where three or four stitches were taken to close a gash in her head.   During the melee plaintiff's money and goods were thrown out of the cab, scattered and lost.

Conceding that the driver of defendant's cab was under no obligation to protect plaintiff while she was on the sidewalk, or to defend her or champion her cause outside of his cab, still it would seem that the plaintiff's testimony, that after she had gotten in the cab and the cab had proceeded half a block the driver stopped the cab, with plaintiff's assailants surrounding, and left the scene, would afford some evidence of fail-

ure to exercise due care for the protection of one whom he had accepted as a passenger in his cab, and tend to sustain an action for damages for injuries received and property lost proximately resulting therefrom.

It was admitted that the defendant in this case was engaged in the business of operating taxicabs for hire on the streets of Winston-Salem, under franchise from the city. Hence it would seem that the duty uniformly held obligatory upon common carriers, with respect to the safety of passengers being transported by them in the course of their business, should also be held to be imposed upon those who operate taxicabs on the public streets under franchise or license issued in accord with statutory provisions and regulations, in so far as applicable to that type of carriage. *Durfey v. Milligan,* 265 Mich., 97; *Shelton Taxi Co. v. Bowling,* 244 Ky., 817; *Duplaise v. Yellow Taxicab Co.,* 204 Wis., 419; *Yellow Cab Co. v. Carmichael,* 33 Ga. App., 364; *Sanchez v. Pacific Auto Stages,* 116 Cal. App., 392; 69 A. L. R., 992; 96 A. L. R., 753.

The duty owed by common carriers to passengers being transported by them has been frequently stated by this Court to be to provide for the safe conveyance of their passengers "as far as human care and foresight" can go, consistent with practical operation of the business. *Perry v. Sykes,* 215 N. C., 39, 200 S. E., 923; *Horton v. Coach Co.,* 216 N. C., 567, 5 S. E. (2d), 828; *Hollingsworth v. Skelding,* 142 N. C., 246, 55 S. E., 212. And in the performance of its duty it is obligatory upon the carrier to protect a passenger from assault, not only by the carrier's employees, but also by intruders, when by the exercise of due care the acts of violence might have been foreseen and avoided. *Seawell v. R. R.,* 132 N. C., 856, 44 S. E., 610; *Wilson v. Bus Lines,* 217 N. C., 586, 9 S. E. (2d), 1. This obligation on the part of the carrier with respect to the safety of passengers continues until the journey expressly or impliedly contracted for is concluded. *White v. Chappell,* 219 N. C., 652, 14 S. E. (2d), 843. But before liability may be predicated for the injury to the passenger, it must have proximately resulted from the negligent failure of the carrier to perform its duty. *Chancey v. R. R.,* 174 N. C., 351, 93 S. E., 834. And the carrier must have known of, or had reasonable grounds to anticipate the assault by intruders, with present ability to avoid injury to the passenger by the exercise of proper care. *Pride v. R. R.,* 176 N. C., 594, 97 S. E., 418; *Wilson v. Bus Lines,* 217 N. C., 586, 9 S. E. (2d), 1; *Batten v. R. R.,* 77 Ala., 91; *Lake Erie & W. R. R. v. Arnold,* 26 Ind. App., 190; *Connell v. R. R.,* 93 Va., 44.

We do not conceive it to be the legal duty of the driver of a taxicab to interfere in a fight on the street or sidewalk between third parties and one who is desirous of becoming a passenger but who has not entered the vehicle, but after the person has been accepted as a passenger and has entered the conveyance, the duty is imposed upon the carrier to exercise due care and vigilance to protect the passenger in transit from

violence threatened by third parties when the circumstances are such as to indicate that injury to the passenger might reasonably be anticipated and avoided by the exercise of proper care. *Yellow Cab Co. v. Carmichael,* 33 Ga. App., 364, 126 S. E., 269. However, the carrier is not an insurer of the safety of its passenger, and can only be held liable in damages for negligent breach of its duty, proximately resulting in injury to the passenger, *Chancey v. R. R., supra; Mills v. R. R.,* 172 N. C., 266, 90 S. E., 221, or causing loss of packages accepted with the passenger for transportation. *National F. Ins. Co. v. Yellow Cab Co.,* 205 Ark., 953.

There was no error in denying defendant's motion for judgment of nonsuit, and for the same reason defendant's demurrer *ore tenus* to the complaint as insufficient to state a cause of action was properly overruled. The allegations of the complaint were in substantial accord with the evidence offered. Contributory negligence was not alleged, nor may the complaint be held to establish contributory negligence as a matter of law. *Ramsey v. Furniture Co.,* 209 N. C., 165, 183 S. E., 536.

As there was sufficient evidence to carry the case to the jury, and no other exception is brought forward, the result will not be disturbed.

No error.