Hillsborough,
No. 4555.

HENRI BEAUDET v. BOSTON AND MAINE RAILROAD.

HENRI BEAUDET, *Ex'r v.* SAME.

Argued February 6, 1957.

Decided April 10, 1957.

*Craig & Craig (Mr. William H. Craig, Jr.* orally), for the plaintiffs.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse (Mr. Morse* orally), for the defendant.

KENISON, C. J.  The "ordinary standard of care required of carriers toward passengers is a high one." *Wright* v. *Railroad,* 83 N. H. 136, 140.  A common carrier of passengers for hire must use great caution to protect them consistent with the practical operation of the business.  Prosser, Torts (2nd *ed.* 1955) 147.  There "is general agreement that the reasonable man engaged in the public transportation business would recognize the great potential dangers which attend rapid transit and would take all practicable precautions to guard his passengers against them." 2 Harper and James, The Law of Torts (1956) s. 16.14.  However a common carrier is not an insurer of the safety of passengers and its liability for injuries to a passenger is based on negligence.  *Boucher* v. *Railroad,* 76 N. H. 91.

In the absence of any apparent necessity for assistance to a passenger in boarding or alighting from a train, the carrier is under no duty to furnish it.  *Shipman* v. *United Electric Railways Co.,* 68 R. I. 39.  Special circumstances, however, may place a duty on the carrier to render personal assistance.  *Wheeler* v. *Railway,* 70 N. H. 607.  If a conductor offers to assist a physically handicapped person to alight from a train but the assistance is inadequate, the carrier is liable for the resulting injuries.  *Foss* v.

*Railroad,* 66 N. H. 256. If the place where the passenger alights is dangerous, a duty of assistance by the carrier arises. *Wilson* v. *Street Railway,* 84 N. H. 285, 286. When the passenger is blind or otherwise incapacitated, the carrier is under a duty to render assistance in alighting from the train if assistance is requested or the carrier has knowledge that it is necessary. *Ingerson* v. *Railway,* 79 N. H. 154. While some jurisdictions hold that the duty of assistance arises if the carrier should have known of its necessity (note 12 N. C. C. A. (n. s.) 219), that is not the law in this state. "To charge the railroad with greater care in his case it must appear the defendants knew his condition, not merely that they ought to have known it or could have learned it by care." *Ingerson* v. *Railway, supra,* 158.

In the present case it is undisputed that neither the plaintiff, her husband, nor anyone in their behalf requested assistance in alighting from the train in Manchester. So far as appears from the evidence the plaintiff had capable and sufficient assistance and requested no other. The only duty the carrier had toward the plaintiff was to render assistance if it knew that it was necessary. The fact that the plaintiff wore dark glasses in the summertime does not establish this fact. While it is true that agents of the carrier had an opportunity to observe the plaintiff on her trip to Canada and her return one week later, there is nothing in the record to indicate that the defendant had any knowledge that assistance was needed when she alighted from the train. "It is not the duty of a conductor to assist passengers in alighting unless it is obvious that they need assistance." *Di Nora* v. *Rhode Island Co.,* 43 R. I. 7, 10. See also, *Tefft* v. *Boston Elev. Ry. Co.,* 285 Mass. 121. We can find no evidence in the record to support an inference that the defendant or its agents had knowledge that the plaintiff required assistance when she was descending the steps of the railroad car at Manchester. Consequently the Court was correct in granting the defendant's motion for a nonsuit on the ground that the defendant owed no duty to the plaintiff on the evidence in this case. This makes it unnecessary to determine whether the plaintiff husband was guilty of contributory negligence as a matter of law.

Certain witnesses were asked whether the plaintiff had been assisted by trainmen at various intermediate points in Canada. This evidence was offered "on the question of notice" but was excluded by the Presiding Judge because he did not consider it

"relevant." The fact that the defendant's agents may have assisted the decedent at some point in Canada would not give rise to a duty to assist her upon her arrival in Manchester when her husband assumed full responsibility for her departure from the train.

*Judgment for the defendant.*

WHEELER, J., took no part in the decision; LAMPRON, J., concurred in the result; the others concurred.