## ALICE YU *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 7—decided July 17, 1958

*Thomas P. Hackett,* with whom, on the brief, was *Edwin H. Hall,* for the appellant (defendant).

*Sherman Rosenberg,* with whom was *Paul E. Farren,* for the appellee (plaintiff).

MELLITZ, J. The plaintiff was injured while alighting from a railroad coach at the defendant's railroad station in New Haven on the evening of April 2, 1955. Upon a trial to the court, the defendant was found negligent in failing to provide assistance to the plaintiff in alighting. It has appealed from a judgment rendered for the plaintiff.

The facts found, with such corrections as are warranted, are as follows: The plaintiff at the time of the accident was thirty-seven years old and about five feet two inches in height. A disease of the right hip caused her to walk with a pronounced limp, noticeable to anyone seeing her walk. On April 2, 1955, after purchasing a coach ticket, she boarded a train for New Haven at Grand Central Station in New York City at about 6 p.m. She was carrying a shopping bag containing food, a square package containing eight or ten long-playing phonograph records, and a parcel containing a coat. She approached the train in the view of several of the defendant's railroad personnel, and one of them directed her to enter a coach near the rear. The entrance to the coach was level with the platform, so that she was not required to climb or descend any steps. She entered the coach to which she had been directed and sat alone in a full seat, placing her packages on the seat beside her. Thereafter, she proceeded to the dining car, some eight cars forward, passing several uniformed personnel on the way. The train reached New Haven at 7:30 p.m., and it was then dark. The plaintiff proceeded to alight, carrying her bundles in her left arm and holding the handrail at the side of the steps with her right hand. The distance from

the bottom step to the concrete platform was approximately fourteen inches. When her right foot was on the lowest step, she stepped forward with her left foot but it did not reach the station platform and she fell forward, receiving injuries which included fractures of the left ankle and heel bone. On her previous trips to New Haven by train, railroad personnel had assisted her in alighting. On this occasion none of the defendant's employees were at or near the coach steps and she received no assistance. She did not request assistance, and before descending she saw that there was no one at the bottom of the steps to assist her. On its arrival at New Haven, the train consisted of a locomotive, a baggage car, a grill car and thirteen coaches. On leaving New York it had 761 passengers, and when it reached New Haven there were 567, 47 of whom were in the coach in which the plaintiff was riding. The train was bound for Boston and had a crew of six, one of whom was a baggage master who had no duties with respect to passengers.

The court concluded that the physical defect which caused the plaintiff to walk with a decided limp was known or should have been apparent to the defendant's personnel, as was the fact that in endeavoring to alight she would also be burdened by the three parcels she was carrying. It also concluded that in view of the degree of care with which the defendant was charged and its knowledge of the height of the bottom step from the platform, it was negligent in failing to provide the plaintiff with assistance in alighting, and that the plaintiff was not guilty of contributory negligence.

The principal contention of the defendant is that the court was in error in concluding that the defendant was negligent in failing to assist the plaintiff, in

the absence of a finding either that the plaintiff had requested assistance or that the defendant had actual knowledge that when the plaintiff was endeavoring to alight she was in need of assistance. The defendant argues strenuously that constructive notice of a passenger's disability and need for assistance is, alone, not sufficient to raise a duty to assist a passenger in alighting. Authorities to support this view are not wanting. *Illinois Cent. Ry. Co.* v. *Cruse,* 123 Ky. 463, 471, 96 S.W. 821; *Southern Pac. Co.* v. *Buntin,* 54 Ariz. 180, 186, 94 P.2d 639; *Beaudet* v. *Boston & M.R.R.,* 101 N.H. 4, 131 A.2d 65. It is true that a carrier may not be held to a duty to assist a passenger to alight, even in the case of one with an obvious infirmity, where the circumstances are such that assistance is neither requested nor apparently required. See *Graham* v. *Norfolk S. Ry. Co.,* 174 N.C. 1, 3, 93 S.E. 428; *Beaudet* v. *Boston & M.R.R.,* supra. But the prevailing view is that it is incumbent upon a carrier to render assistance to a passenger in alighting where it becomes reasonably apparent that such assistance is required for the safety of the passenger, even though no special request for assistance has been made. Note, 55 A.L.R. 389, 392; *Southern Ry. Co.* v. *Laxson,* 217 Ala. 1, 3, 114 So. 290; *Payne* v. *Thurston,* 148 Ark. 456, 462, 230 S.W. 561; *Tampa Electric Co.* v. *Fleischaker,* 152 Fla. 701, 707, 12 So. 2d 901; *Southern Ry. Co.* v. *Reeves,* 116 Ga. 743, 42 S.E. 1015; *Fanelli* v. *Illinois Cent. R. Co.,* 246 Iowa 661, 667, 69 N.W.2d 13; *Kurn* v. *Bayless,* 197 Okla. 521, 524, 172 P.2d 779; *Singletary* v. *Atlantic Coast Line R. Co.,* 217 S.C. 212, 218, 60 S.E.2d 305; *Wisdom* v. *Chicago, R.I. & G. Ry. Co.,* 231 S.W. 344, 346 (Tex. Comm'n App.); *International & G. N. Ry. Co.* v. *Williams,* 183 S.W. 1185, 1187 (Tex. Civ. App.).

We have repeatedly held it to be the duty of a common carrier of passengers for hire to use the utmost care consistent with the nature of its business to guard its passengers against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances. *Andrea* v. *New York, N.H. & H.R. Co.,* 144 Conn. 340, 344, 131 A.2d 642, and cases cited therein. This high degree of care is required during the period of a passenger's alighting as well as during transportation. *Ferguson* v. *Connecticut Co.,* 87 Conn. 652, 654, 89 A. 267. So, in the case of a young child traveling by himself, we held it to be the duty of the carrier to exercise care proportioned to the degree of danger inherent in his youth and inexperience. *Roden* v. *Connecticut Co.,* 113 Conn. 408, 410, 115 A. 721. And in *Dokus* v. *Palmer,* 130 Conn. 247, 251, 33 A.2d 315, we said that whenever a passenger is for any reason not capable of self protection, to the knowledge, actual or constructive, of the carrier, it is bound to exercise a degree of care for his protection commensurate with his inability to guard himself from danger. In the case of infirm persons, whose age and infirmity are apparent from their appearance, it is the duty of the carrier's employees to assist them in alighting, if such assistance is necessary for their safety. 2 Moore, Carriers (2d Ed.) p. 1245, § 52. Ordinarily, however, no duty exists upon the part of a carrier to assist a passenger in boarding or alighting from a car or train in the absence of any request for assistance. Ibid.; note, 55 A.L.R. 389; 13 C.J.S. 1362, § 727; 10 Am. Jur. 227, § 1376. Nothing in our decision in *Andrea* v. *New York, N.H. & H.R. Co.,* supra, is to be taken as implying the contrary. As the defendant says, a railroad is under no duty to ascertain the physical and mental condition of each

passenger to determine whether he needs special assistance of some kind. But this does not mean that in the exercise of the high degree of care owed by a common carrier to all passengers who entrust themselves to it, it is not incumbent upon the carrier to render assistance where it becomes reasonably apparent that such assistance is required for the safety of the passenger, even though no special request for assistance has been made.

Whether in a particular instance the circumstances are such as to reasonably suggest the necessity for assisting a passenger to alight is essentially a factual question, to be decided in the light of the surrounding circumstances and the character of the hazards presented. 2 Moore, op. cit., p. 1246 and n.25; *McMahon* v. *New York, N.H. & H.R. Co.*, 136 Conn. 372, 375, 71 A.2d 557. "In considering this question we bear in mind that it was primarily one of fact for the jury to decide and their decision may not be disturbed unless it is manifestly against the evidence." *Dokus* v. *Palmer*, supra, 253. Whether, considering the plaintiff's infirmity, her shortness of stature, the height of the coach step, and the parcels with which she was incumbered when she entered the defendant's train, it should have been reasonably apparent to the defendant's personnel that she was in the class of passengers to whom special care or assistance in alighting was required, it was in the province of the trial court to determine. Having seen the plaintiff, the court was in the best position to pass upon that issue, and its conclusion that she was, is amply supported by the facts found.

The defendant claims further that on the evidence of the plaintiff herself she failed to exercise the care necessary to enable her to descend safely from the train and was contributorily negligent as a

matter of law. The defendant says that she had every opportunity to advise its employees of her need for assistance in alighting if, knowing her own physical limitations, she thought she would be unable to alight without aid. The court has found that on previous occasions railroad personnel were present and helped her when she alighted from trains at the New Haven station. She could properly have assumed and anticipated that the same assistance would be available on this occasion. In its absence, she would not necessarily be negligent if she endeavored to alight by herself, using ordinary care. *Thomason* v. *Chicago Motor Coach Co.,* 292 Ill. App. 104, 115, 10 N.E.2d 714; *Turner* v. *Wabash Ry. Co.,* 211 S.W. 101, 102 (Mo. App.). One who is put in a perilous position by the negligence of another is not guilty of contributory negligence if he takes such steps to protect himself as a reasonably prudent person would take, even though he might have avoided the injury by the use of better judgment and by taking a different course. *Marley* v. *New England Transportation Co.,* 133 Conn. 586, 588, 53 A.2d 296. It was for the trial court to decide whether the plaintiff took such steps to protect herself as a reasonably prudent person would take in view of the known danger. The burden of establishing contributory negligence was upon the defendant. We cannot hold that the plaintiff was guilty of contributory negligence as a matter of law.

There is no error.

In this opinion the other judges concurred.