## LULA HARDY v. CHARLIE INGRAM.

(Filed 15 June 1962.)

1. **Carriers § 1; Taxicabs—**

   Those who operate taxicabs are common carriers.

2. **Carriers § 18; Taxicabs—**

   Operators of taxicabs, like other common carriers, are not insurers of the safety of their passengers, but owe them the highest degree of care to transport them to their destination with an opportunity to alight in safety at a safe place.

3. **Same—**

   The assistance, if any, which a carrier must provide a passenger in alighting at destination depends on the carrier's knowledge, actual or im-

plied, of the passenger's need for, and extent of, assistance reasonably necessary to terminate the journey in safety.

**4. Same— Evidence held insufficient to show negligence on part of taxicab operator in failing to assist plaintiff to alight.**

The evidence tended to show that plaintiff had theretofore ridden a number of times in the taxicabs operated by defendant, that plaintiff was old and infirm but was able to walk without assistance, that on the occasion in question plaintiff entered the cab without assistance, was transported to her destination, and the cab stopped at the curb, that while the cab driver's hands were still on the steering wheel plaintiff attempted to alight and put her hand on the door post to pull herself up, and that the door closed on her thumb, causing the injury in suit. The evidence further tended to show that plaintiff did not request assistance in alighting on this or any other occasion, and there was no evidence as to how long after the cab stopped that the injury occurred. *Held:* The evidence is insufficient to establish negligence on the part of the taxicab operator in failing to assist plaintiff to alight.

**5. Damages § 7—**

Where defendant is not liable for the injury received by plaintiff, defendant cannot be held liable for failure to provide plaintiff medical assistance or for injuries received by plaintiff in a fall thereafter occurring.

APPEAL by plaintiff from *Stevens, J.,* November 1961 Term of LENOIR.

Plaintiff, a passenger in defendant's taxicab, had a thumb broken when the rear door closed on her hand while she was alighting from the cab. She seeks compensation for the injury then sustained and damages because of defendant's failure to provide medical attention. Her action is based on the asserted negligent failure of defendant to perform his duty by assisting her to alight.

Defendant denied the allegations of negligence and pleaded contributory negligence.

At the conclusion of plaintiff's evidence, defendant's motion to nonsuit was allowed and plaintiff appealed.

*White & Aycock by Chas. Aycock and C. E. Gerrans for plaintiff appellant.*
*Whitaker & Jeffress for defendant appellee.*

RODMAN, J. Summarized, plaintiff's allegations are: She resides at Dover in Craven County; she is "old, infirm, and in poor health"; defendant owns and operates a Chevrolet automobile as a taxicab in Kinston; on 9 June 1960 she traveled as defendant's passenger from Globe Taxi Stand to the Kinston Clinic; she paid periodic visits to her physician, who had offices at the Kinston Clinic; she was on her way

to see her physician on the day she was injured; because of her age and health, she had difficulty in getting in and out of a taxi unassisted; defendant, although her condition was known to him, did not assist her in alighting; to get out she put her hand on the post separating the front and rear doors; as she was getting out, the door closed on her hand, breaking her thumb; she pushed the door back and alighted without assistance from defendant; notwithstanding defendant's knowledge of the injury sustained by the closing of the door, he made no effort to procure medical assistance.

Based on the factual allegations, plaintiff concluded defendant was negligent:

"(a) In that he failed and neglected to render aid and assistance to the plaintiff when he knew, or in the exercise of due care should have known, that the plaintiff in her aged, infirm and weakened condition needed assistance in alighting from his taxi.

"(b) In that he failed and neglected to render aid and assistance to plaintiff after he had knowledge that she had sustained serious and painful injuries in his taxi.

"(c) In that he failed and neglected to perform the duties imposed upon him by law as a common carrier for hire.

"(d) In that he did not see that plaintiff received immediate medical attention for her injuries sustained in his taxi."

Obviously, conclusion (c) is, on the facts alleged, a mere repetition of conclusion (a). The same is true of conclusions (d) and (b).

These legal principles are well established: (1) Those who operate taxicabs are common carriers. *Smith v. Cab Co.*, 227 N.C. 572, 42 S.E. 2d 657. (2) Operators of taxicabs, like other common carriers, are not insurers of the safety of their passengers, but owe them the highest degree of care to transport them to their destination with an opportunity to alight in safety at a safe place. *Harris v. Greyhound Corporation*, 243 N.C. 346, 90 S.E. 710; *Garvey v. Greyhound Corp.*, 228 N.C. 166, 45 S.E. 2d 58; *White v. Chappell*, 219 N.C. 652, 14 S.E. 2d 843. (3) The assistance, if any, which a carrier must provide a passenger in alighting at destination depends on carrier's knowledge, actual or implied, of passenger's need for, and extent of, assistance reasonably necessary to terminate the journey in safety. *White v. Chappel, supra; Graham v. R.R.*, 174 N.C. 1, 93 S.E. 428; *Morarity v. Traction Co.*, 154 N.C. 586, 70 S.E. 938; *Clark v. Traction Co.*, 138 N.C. 77; *King v. Vets Cab*, 295 P. 2d 605, 56 A.L.R. 2d 1249; 13 C.J.S. 1362-1363; 10 Am. Jur., Carriers, sec. 1376, 1381.

Plaintiff's testimony is sufficient to warrant a jury in finding these facts: Plaintiff was 73 years old; she lived in Dover and came to Kinston by bus the morning she was injured; she was a frequent

visitor to Kinston; when she reached Kinston on the day she was injured, she walked from the bus station to a taxi stand on Shine Street; not locating a taxi there, she walked to defendant's stand on Queen Street; she "walked kinda bad" and used a walking stick; she and defendant had known each other for many years; she had ridden as a passenger in defendant's cab on previous occasions; she entered the cab on the day in question without requesting or receiving assistance; after she was seated, defendant drove her "right up to the curb at the clinic, at the side where the drug store is. He stopped in front of the clinic. He didn't ever take his hand off of the steering wheel. I was getting out as fast as I could. I was sick and weak and when I got out and caught the door the cab trembled because I was so slow, and that door came to on my hand. I said that my thumb was broke, but Charlie didn't get out. He did not offer to get out and get the door off of my finger, which was bleeding. The door hit on my left thumb. It was caught between the door and the door post. I had to push the door open and take my hand out." On cross-examination she said: "I didn't ask him to open the door and let me out because it was his place to do it. I opened the door. Instead of putting my hand on the seat to pull myself up I put my hand on the door post right where the door closed on it. I turned around; I had to get out; he didn't attempt to move. When the door came to on my hand I told him I had broken my hand. He said: 'What a pity.'

"When I pulled myself up, I pulled up by the door. . . . When I got out of the cab I did not slam the door on my hand. I did not say Charlie closed the door on my hand, because he was sitting under the steering wheel. He didn't move. I wasn't heavy enough to close that door on my thumb, but my weight might have done it. It closed on my whole hand."

Plaintiff, to recover, must have both *allegata* and *probata*. The complaint does not charge defendant with fault in the operation of his vehicle or in the place selected to end the trip. The breach of duty charged is the failure of defendant to assist plaintiff, who, because of her infirmities, could not alight without assistance. Viewed in the light of the allegations of negligence, plaintiff's statement ". . . when I got out and caught the door the cab trembled because I was so slow" should not, particularly when viewed in the light of her statement "When I pulled myself up, I pulled up by the door," be construed to mean there was negligence in the manner in which the cab was operated.

Plaintiff's evidence, given all favorable inferences, shows that she was old and infirm, but able to walk without assistance. Considering this evidence in the light of the other facts apparent from plaintiff's

testimony, is it sufficient to impose a duty on defendant to assist her in alighting? It affirmatively appears that plaintiff and defendant were acquaintances of many years. Plaintiff nowhere suggests that she had ever requested assistance from defendant, although she had ridden as his passenger on previous occasions. It affirmatively appears that plaintiff did not request assistance in alighting. It does not appear what period elapsed between the stopping of the taxi and the attempt to alight. It appears that defendant had his hands on the wheel when plaintiff was injured. Was that because he had not had opportunity to move them when plaintiff started to alight? It does appear that she opened the door. It does appear from her testimony that she put her hands on the post and on the door to pull herself up. It does not appear where she put her hands on the door nor how fully the door had been opened when she started to pull herself up. We conclude plaintiff's evidence is insufficient to establish a negligent failure to assist her in alighting from defendant's taxicab.

Plaintiff, having failed to establish defendant's liability for the injury to her hand, could not impose liability on defendant because he failed to provide medical assistance, nor can he be held liable for injuries sustained by a fall in going from the taxi to the doctor's office. *Parrish v. R.R.*, 221 N.C. 292, 20 S.E. 2d 299; 65 C.J.S. 549-550. We do not understand plaintiff to disagree with this statement of the law.

Affirmed.