KATTIRE F. SMITH v. CHARLES JOHNSON GOFORTH, D/B/A YELLOW CAB COMPANY AND BETTY HARMON

No. 7429SC642

(Filed 4 December 1974)

1. Carriers § 19— duty of taxicab company to passenger — opportunity to alight in safety at safe place
    The duty that defendant, a common carrier, owes its passengers in its taxicabs to observe the highest degree of care for their safety,

Smith v. Goforth

consistent with the practical operations and conduct of its business, includes the duty to provide an opportunity to alight in safety at a safe place, and that duty is satisfied only if defendant exercises the highest degree of care and skill which reasonably can be expected of intelligent and prudent persons engaged in the taxicab business.

2. **Carriers § 19— alighting from taxicab — sufficiency of evidence of negligence**

In an action to recover for personal injuries suffered by plaintiff while she attempted to alight from defendant's taxicab in front of a grocery store, plaintiff's evidence was sufficient to be submitted to the jury where it tended to show that the weather was rainy and foggy on the day of the accident and plaintiff could not see well out of the cab windows which were fogged up, when the cab stopped, plaintiff thought it was in a safe place, defendant did not stop the cab in a no parking zone at the end of a walkway leading to the store but instead stopped behind a parked car located in a parking area, and as plaintiff placed her right foot outside the cab, another vehicle backed into the cab door and mashed her leg.

APPEAL by plaintiff from *Martin, (Harry C.), Judge,* 29 April 1974 Session of Superior Court held in RUTHERFORD County.

This is an action for damages for personal injuries suffered while attempting to alight from defendant's taxicab in front of a grocery store.

At the close of plaintiff's evidence the judge directed a verdict in favor of defendant, Charles Johnson Goforth.

*Hamrick & Hamrick by J. Nat Hamrick for plaintiff appellant.*

*Mullen, Holland & Harrell, P.A. by Graham C. Mullen for defendant appellee.*

VAUGHN, Judge.

The judgment directing the verdict in defendant's favor must be reversed unless plaintiff's evidence when considered in the light most favorable to her shows that, as a matter of law, she is not entitled to recover.

[1]  Defendant, a common carrier, owes passengers in its taxicabs the highest degree of care for their safety, consistent with the practical operations and conduct of its business. *Mann v. Transportation Co.* and *Tillett v. Transportation Co.,* 283 N.C. 734, 198 S.E. 2d 558; *Hardy v. Ingram,* 257 N.C. 473,

126 S.E. 2d 55. This includes the duty to provide an opportunity to alight in safety at a safe place, and that duty is satisfied only if defendant exercises the highest degree of care and skill which reasonably can be expected of intelligent and prudent persons engaged in the taxicab business. *White v. Chappell,* 219 N.C. 652, 14 S.E. 2d 843.

[2] Plaintiff offered evidence which would permit, but not compel, the jury to find the following. Plaintiff was a passenger in defendant's taxicab which had been engaged to take plaintiff to a grocery store. The weather was rainy and foggy. The cab was "sort of fogged up inside" and plaintiff could not see well out of the cab windows. When the cab stopped she thought it was in a safe place. She opened the door and, as she placed her right foot out, another vehicle backed into the cab door and mashed her leg. There is no parking zone located at the end of a covered walkway leading from the store. The walkway is "where they bring groceries out in a cart and where people walk in. That is a no parking area." Defendant did not stop at the end of the walkway and ramp where groceries are brought out but stopped behind a parked car located in a parking area. Defendant stopped four or five feet from the walkway.

Plaintiff called the male defendant as a witness and his testimony conflicted sharply with the other evidence offered by plaintiff. He testified that: it was a beautiful day; the sun was shining and there was no fog; the walkway was the place to let the passengers get out to go in the store and that is where he stopped; he didn't let plaintiff out in front of a parked car and that he doesn't know whether a parked car backed into his cab. He didn't see any car until the collision.

In a negligence case it is proper to direct a verdict against plaintiff: (1) where all the evidence, taken in its most favorable light for plaintiff fails to show actionable negligence by defendant; (2) when it clearly appears from the evidence that the injury was independently and proximately caused by the wrongful act, neglect or default of an outside agency or responsible third person; (3) where contributory negligence is established by plaintiff's own evidence. *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108.

When all contradictions in the evidence are resolved in plaintiff's favor and when plaintiff is given the benefit of every reasonable inference which might legitimately be drawn there-

from, we conclude that plaintiff's evidence is sufficient to surmount the foregoing three hurdles and that the case is one for the jury.

The judgment directing the verdict against plaintiff is reversed.

Reversed.

Judges CAMPBELL and BRITT concur.