[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a trial to the court, the plaintiff claims that the defendant carrier breached its duty of care owed to her as she alighted from a bus. As a result, she fell and sustained significant injuries.
The facts, with perhaps one exception, are not seriously in dispute. The plaintiff; 62 years old at the time of the accident, went on an excursion to New York City on March 23, 1996, to watch "The Phantom of the Opera." She went with a group on a bus owned and operated by the defendant bus company. The bus returned home at about 8:00 or 8:30 p. m. As she was getting off the bus, she fell while trying to step from the bottom step to the ground. Although the bus driver was saying good-bye and talking to passengers as they departed from the bus, he did not assist her in any way in getting off the bus. At the time of the accident, the plaintiff was approximately five feet tall. There was some dispute as to the amount of assistance which she had received getting off the bus in New York: she testified at trial that a stool had been placed for her convenience at the bottom of the step. In prior testimony at a deposition, she apparently had not recalled receiving assistance in New York.
There was no evidence that the plaintiff had requested any CT Page 6491 assistance in getting on or off the bus, and no evidence that she had any special or noticeable infirmity. There was no evidence that the bus had been parked on a rough surface or that the plaintiff had had any difficulty in the past getting on or off buses.
The primary issue is the appropriate standard of care in these circumstances. As the plaintiff aptly argues, a carrier does have an enhanced standard of care; nonetheless, the bus company is not an insurer of passengers' safety. It is "the duty of a common carrier of passengers for hire to use the utmost care consistent with the nature of its business to guard its passengers against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances. . . . In the case of infirm persons, whose age and infirmity are apparent from their appearance, it is the duty of the carrier's employees to assist them in alighting, if such assistance is necessary for their safety. . . . Ordinarily, however, no duty exists upon the part of a carrier to assist a passenger in boarding or alighting from a car or train in the absence of any request for assistance. . . . [A carrier] is under no duty to ascertain the physical and mental condition of each passenger to determine whether he needs special assistance of some kind. But this does not mean that it is not incumbent upon the carrier to render assistance where it becomes reasonably apparent that such assistance is required for the safety of the passenger, even though no special request for assistance has been made." Yu v. New York. N.H. H.R. Co. 145 Conn. 451, 455-56
(1958) (citations omitted). See also Bogan v. New Haven,38 Conn. Sup. 477 (1982).
It is clear in this case that no request for assistance was made, and unlike the circumstances in Yu, supra, there was no exceptional infirmity readily apparent. The trip was not sponsored by a nursing home; rather, the group was comprised of fellow employees. The issue, then, is whether there was anything that, in the exercise of care, the defendant should have noticed about the plaintiff that should have triggered some awareness that she needed assistance. The plaintiff was sixty-two years old; there is nothing about the age of sixty-two which in itself suggests infirmity. Similarly, the height of five feet, while short, does not in itself suggest infirmity. The plaintiff testified that she had had no difficulty in the past when getting on and off buses. In sum, there was no evidence presented to suggest that it should have become reasonably apparent [to the CT Page 6492 defendant] that . . . assistance [wa]s required for the safety of the passenger". Yu, supra. The plaintiff did not, then, sustain her burden of proof as the breach of the appropriate standard of care. Judgment may enter for the defendant.
Beach, J.