GOLDBERG v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. CARRIERS—INJURY TO PASSENGER—PROXIMATE CAUSE.

In an action against a street railroad for injuries to a passenger resulting from the plaintiff stepping into an unguarded excavation some distance from the car, from which he had alighted with safety, where it appeared, according to plaintiff's own testimony, that he had taken two or three steps before falling, neither a fire which from unknown causes had broken out in the car, nor the act of the conductor, on its discovery, in stopping the car and letting the passengers alight, was the proximate cause of the injury.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Jacob Goldberg against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Emerich Kuhn, for respondent.

FITZGERALD, J. Plaintiff's injuries were occasioned by his stepping into an unguarded excavation some distance away from the car, from which he had, with entire safety, alighted. According to his own testimony, he had taken two or three steps before falling. It would be unreasonable to hold either that the fire, which from unknown causes had broken out in the car, or the action of the conductor, upon its discovery, in stopping the car and letting the passengers alight, were, except in a remote degree, even contributory to the occurrence. A careful consideration of all the evidence leads to the conclusion that no breach of duty upon

the part of the defendant was established, and justice requires that the verdict rendered in favor of the plaintiff should not be allowed to stand.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.