Darren Lewie et al. *v.* Investment Realty
Company, Inc., et al.

Superior Court        Hartford County        File No. 135413

Memorandum filed October 27, 1964

*Horowitz & Ebenstein,* of Hartford, for the plaintiffs.

*Levine & Katz,* of Hartford, for the named defendant and Gertrude Nelson, trustee, Investment Realty Company, Inc.

*Bailey, Wechsler & Shea,* of Hartford, for defendant The Manchester Gardens Corporation.

*Day, Berry & Howard,* of Hartford, for defendants Tots 'N Teens Inc. and Ernest S. and Bernice M. Richardson d.b.a. Janet's Millinery.

*Gordon, Muir & Fitzgerald,* of Hartford, for defendants Harry Clare and Max Friedman d.b.a. Harmac.

*George A. Downing,* of Manchester, for defendants Top Notch Foods, Inc., and The Arthur Drug Co., Inc.

*Snow Gene Munford,* of Hartford, for defendant Michael's of Manchester, Inc.

MacDonald, J. In this action against over a dozen defendants for injuries suffered when the plaintiff Darren Lewie, then a child of five years, fell from a wall near which he was playing, the claim is made that "said properties and premises were owned, controlled, possessed, managed and/or maintained by the defendants."

This defendant's motion for summary judgment is supported by affidavits and accompanying documentary evidence (in this instance a survey by a licensed engineer), all in proper form under Practice Book §§ 299 and 300, and setting forth facts which, when read with the other pleadings on file, leave no genuine issue as to any material fact with respect to this particular defendant's liability. It appears as simple fact that no part of the wall in question is on property owned, controlled, possessed, managed or maintained by this defendant or is even within twenty-four feet of this defendant's property, and the counter affidavits filed by plaintiffs in no way contradict these basic facts.

It is true, under the federal court decisions which are presently relied upon until our Supreme Court has spoken upon many of the issues arising under this comparatively new proceeding, that in situations where there is the slightest doubt as to the facts such doubt must be resolved at trial before court or jury. *Doehler Metal Furniture Co.* v. *United States,* 149 F.2d 130 (2d Cir. 1945). And motions of this type have been denied where different conclusions or inferences could be drawn from evidentiary facts which, in themselves, are not in dispute. *Stevens* v. *Howard D. Johnson Co.,* 181 F.2d 390 (4th Cir. 1950); *White* v. *United States,* 317 F.2d 13 (4th Cir. 1963).

However, our Supreme Court has stated that summary judgment procedure is designed to dispose

of actions in which there is no genuine issue as to any material fact and that the function of the trial court is to determine whether such issue of fact exists. *Rathkopf* v. *Pearson,* 148 Conn. 260, 263. The court finds, upon the pleadings on file, including the affidavits and counter affidavits mentioned, that there is no genuine issue as to any material fact and that this defendant is entitled to judgment as a matter of law.

The motion for summary judgment is granted.