PHYLLIS PARLATO *v.* CONNECTICUT TRANSIT ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued May 6—decision released May 27, 1980

*David H. Johnson,* with whom, on the brief, was *Donald G. Walsh,* for the appellant (plaintiff).

*Kevin T. Gormley,* for the appellee (named defendant).

PER CURIAM. The plaintiff brought this action to recover damages for injuries suffered after she alighted in the daytime from the defendant's bus which had stopped "within the designated bus stop area," all of which is not disputed by the parties. As she started across this area she stepped with her left foot into a hole which was obscured by leaves, and sustained a fracture of her left fibula. Before this accident, on occasions when she had used the bus

and disembarked at this stop at the intersection of Lexington and Oxford Streets in New Haven she had not noticed any holes or depressions in the ground at this area. After her fall the woman bus driver and a bus trainee helped Parlato back to the bus and phoned for an ambulance which came to the scene.

There was no evidence that any employee óf the defendant knew of the presence of the hole in the area in which the injury occurred. There was testimony by the bus trainee that he was unable to see the hole because of the leaf covering and that he had no way of telling that such a hole existed. The driver also testified that she was unable to see any hole in the grass because of leaves in and on top of the hole and that she had been working for the defendant for more than a year on this particular route; that she would stop at least once or twice a day at this stop; and that she had stopped at this area about five or six times on the day in question before the accident and had no knowledge of the hole in question.

On another occasion we have stated that a common carrier of passengers for hire has the duty to use the utmost care consistent with the nature of its business to guard its passengers against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances, and this high degree of care is required during the period of a passenger's alighting as well as during transportation. *Josephson* v. *Meyers*, 180 Conn. 302, 305, 429 A.2d 877; *Yu* v. *New York, N.H. & H.R. Co.*, 145 Conn. 451, 455–56, 144 A.2d 56. There was ample evidence before the trial court to support its conclusion that the plaintiff failed to

establish by a fair preponderance of the evidence that the defendant violated the legal duty it owed to her since, inter alia, there was no showing that the defendant was aware of or had notice to guard against a defective condition which might reasonably and naturally be expected to occur in view of all the circumstances which existed at the time Parlato alighted from the bus.

"Strictly speaking, a conclusion of negligence is ordinarily one of mixed law and fact, involving the determination of the standard of care required and its application to the facts of the particular case. . . . It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as matter of fact." *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 591, 53 A.2d 296. Upon all the evidence in the case, the lack of notice of a hole in the area in question on the part of the defendant was a question of fact. Since the trial court could reasonably have found that the defendant had no such notice or knowledge, its determination is final. This case falls within the rule iterated in *Marley* v. *New England Transportation Co.*, supra.

There is no error.