The issue before the court is whether the defendant is entitled to judgment based upon the defendant's submission of an affidavit, a certified copy of an assessor's card, and a certified copy of a warranty deed, as proof that the defendant is not the legal owner of the property where the plaintiff was allegedly injured.
It is found that because there is no genuine issue of material fact concerning ownership of the property where the plaintiff was injured, the defendant's motion for summary judgment should be granted.
The plaintiff, Melissa Wunder, filed a complaint on December 24, 1990, alleging, in paragraph two, that she was injured in "a one car accident in the K-Mart parking lot which lot was located at 589 Bridgeport Avenue, Milford, Connecticut and owned by CT Page 5613 the defendant Johnson Hill Urbanek." The plaintiff alleges, in paragraph five, that the accident was a direct result of the negligence and carelessness of the defendant Johnson Hill Urbanek in one or more of the following ways:
(a) in that the curbing was not clearly marked by the defendant;
(b) in that the sign posted on the curbing was bent down to the ground;
(c) in that the defendant failed to inspect the parking lot at reasonable intervals to insure the maintenance of safe premises;
(d) in that the defendant failed to warn the plaintiff of the unmarked curbing;
(e) in that the defendant failed to provide adequate lighting in the parking lot.
On July 15, 1991, the defendant filed an answer containing a special defense, and on July 17, 1991, the plaintiff closed the pleadings by filing a reply to the defendant's special defense. On May 13, 1992, the defendant filed a motion for summary judgment on the ground that the defendant was not the record owner of the property where the plaintiff was allegedly injured at the time of the accident. In accordance with Practice Book 380, the defendant submitted an affidavit, a certified copy of the Milford assessor's card for 589 Bridgeport Avenue, and a certified copy of the warranty deed reflected on the assessor's card. The plaintiff has failed to submit affidavits or documents in opposition to the defendant's motion.
A party may file a motion for summary judgment once the pleadings are closed. Orticelli v. Powers, 197 Conn. 9, 15,495 A.2d 1023 (1985). The court may grant a motion for summary judgment if the "pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts." Wilson v. New Haven, supra, 279-80. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion then that embodied in the verdict as directed." (Citations omitted.) United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 380, 260 A.2d 596 (1969). As a result, the court must view "the evidence in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences CT Page 5614 that can be drawn." (Citations omitted). Catz v. Rubenstein,201 Conn. 39, 49, 513 A.2d 43 (1986). When applying this standard, "the trial court is limited to considering the pleadings, affidavits, and other documentary, proof submitted by the parties." Orticelli, supra, 15.
"Summary judgment procedure `is especially ill-adapted to negligence cases where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation'" (Citation omitted). Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 198-99,319 A.2d 403 (1972). However, cases that hold that a "conclusion of negligence is ordinarily one of mixed law and fact, involving the determination of the standard of care required and its application to the facts of the particular case", do not refer solely to the determination of whether a duty exists, but to the entire cause of action in negligence. Parlato v. Connecticut Transit, 181 Conn. 66, 68,434 A.2d 322 (1980); Todd v. Malafronte, 3 Conn. App. 16, 19,484 A.2d 463 (1984). "The existence of a duty is a question of law and only when such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Petriello v. Kalman, 215 Conn. 377,382-83, 576 A.2d 474 (1990), quoting Shore v. Stonington,187 Conn. 147, 151-52, 444 A.2d 1379 (1982).
It is undisputed that "[u]nless some relationship exists between the person injured and the defendant by which the latter owes a duty to the former, there can be no liability in negligence." (Citation omitted). Neal v. Shiels, Inc., 166 Conn. 3, 12, 347 A.2d 102
(1974). "The law does not recognize a `duty in the air.'" Shore, supra, 151. In the present case, the plaintiff has not alleged that the defendant owed her a duty of care; however, the plaintiff has alleged that the defendant was the owner of the property where the plaintiff was injured. According to Practice Book 110, "[i]t is unnecessary to allege any promise or duty which the law implies from the facts pleaded."
By alleging ownership, the plaintiff implied that the defendant owed her a duty of care.
Under the summary judgment procedure, the moving party has the burden of showing the absence of any genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Mingachos v. CBS, Inc., 196 Conn. 91, 111,491 A.2d 368 (1985). A material fact has been defined as a fact which will make a difference in the result of the case. United Oil Co., supra, 378. Unlike Lewis v. Investment Realty Company,25 Conn. Sup. 412, 206 A.2d 474 (Super.Ct. 1964), where the plaintiff alleges that the defendant "owned, controlled, possessed, CT Page 5615 managed, and/or maintained" the premises, the plaintiff in the present case only alleges that the defendant owned the property where the plaintiff was injured. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of the complaint." (Citations omitted). Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 537, 546 A.2d 216 (1988). As a result, the plaintiff can only establish a duty of care by proving ownership; therefore, lack of ownership is a material fact which, if proven, would entitle the defendant to judgment as a matter of law.
To prove lack of ownership, the defendant submitted an affidavit, which was signed by defendant's attorney, Denise A. DelSole. According to the affidavit, Attorney DelSole obtained a certified copy of the Milford's assessor card for the property located at 589 Bridgeport Avenue, Milford, Connecticut. The assessor's card lists the owner's name (Daniel Casey, Jr., et al.) and indicates the volume and page numbers for the owner's deed (989/95). Attorney DelSole then obtained a copy of the owner's deed, which reveals that on December 20, 1978, fee simple ownership was vested in Daniel G. Casey, Jr., John R. Casey, Davis B. Casey, Cecilia C. Martin, and Carol C. Stack. The defendant's name is not listed on the owner's deed in any capacity. Finally, on October 21, 1991, Attorney DelSole performed a title search, which revealed that the fee simple ownership of 589 Bridgeport Avenue was unchanged as of November 28, 1988.
Once the moving party filed a motion for summary judgment supported by affidavits and other documents, the nonmoving party, "`by affidavit or as otherwise provided by Practice Book 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant.'" Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 43 (1986), quoting Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12,459 A.2d 115 (1983). Because the plaintiff has failed to file opposing affidavits or other documents, the court can rely upon the facts stated in the defendant's affidavit. See id.
The plaintiff can only establish a duty by proving that the defendant owned the property at the time of the accident. The defendant has shown, by affidavits and supporting documents, that the defendant did not own the property at the time of the accident. Therefore, it is found that the defendant has met its burden by showing that there is no genuine issue as to a material fact and that the defendant is entitled to judgment as a matter of law.