[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action against the Connecticut Transit Company, Inc. (defendant) for injuries she sustained when "she fell over a sign post hidden in the grass which was not observable as the plaintiff alighted from the [defendant's] bus." The defendant moves for summary judgment. The motion is granted.
The undisputed facts are as follows. On May 22, 1995, the plaintiff was a passenger on the defendant's bus. At about 7:15 a.m., the bus operator brought the bus to a stop at an unscheduled location at the request of a passenger who then disembarked from the front door. At the same time, the plaintiff requested that the operator open the back door of the bus to allow her to exit. The bus driver opened the back door of the bus without inspecting the condition of, or having an opportunity to observe, the ground where the plaintiff was disembarking. After the back door opened and the plaintiff departed. As she alighted from the bus, her right foot was on the bus and she stepped down with her left foot directly onto the sidewalk curb. The curb was covered with a patch of grass about eight or nine inches high. The bus was less than a foot away from the curb, as she alighted. The plaintiff fell over a metal sign post hidden in the grass which she could not see when she alighted left the bus. The plaintiff had to walk "several feet" after she alighted from the defendant's bus and before she reached the area where the broken sign post was located. This is conclusively established by the plaintiff's answer to defendant's request for admissions. Practice Book § 13-24(a).[1] There was nothing impeding the plaintiff's sight line to the broken sign post once she departed the bus. The area where the plaintiff fell was not owned, controlled or maintained by the defendant.
"[A] common carrier of passengers for hire has the duty to use the utmost care consistent with the nature of its business to guard its passengers against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances, and this high degree of care is required during CT Page 463 the period of a passenger's alighting as well as during transportation. Josephson v. Meyers, 180 Conn. 302, 305,429 A.2d 877 [1980]; Yu v. New York, N.H. H.R. Co., 145 Conn. 451, 455-56,144 A.2d 56 [1958]." Parlato v. Connecticut Transit, 181 Conn. 66,67, 434 A.2d 322 (1980). "Fixing the boundaries of that duty with respect to any particular set of circumstances is the responsibility of the courts. This involves a very delicate balancing of such circumstances as logic, common sense, science and public policy." Blye v. Manhattan and Bronx Surface TransitOperating Authority, 124 App.Div.2d 106, 108-09, 511 N.Y.S.2d 612
(1987), app. dis., 70 N.Y.2d 742, 519 N.Y.S.2d 964,514 N.E.2d 384, rearg. den., 70 N.Y.2d 872, 523 N.Y.S.2d 498,518 N.E.2d 9, affirmed, 72 N.Y.2d 888, 532 N.Y.S.2d 752,528 N.E.2d 1225 (1988). "When, however, the duty of the carrier to provide a safe place to alight has been fulfilled and the passenger has left the vehicle it ceases to owe to him any duty other than that which it owes to any person coming within the range of its activities, not to do him injury by a failure to exercise reasonable care." Roden v. Connecticut Co., 113 Conn. 408, 410-11,155 A. 721 (1931).
At oral argument, the plaintiff admitted that there was no claim that the defendant was aware of or had notice to guard against the hidden defect on which the plaintiff fell. SeeParlato v. Connecticut Transit, supra, 181 Conn. 68. In addition, a properly authenticated photograph of the area where the plaintiff fell has been submitted by the defendant in support of its motion. The photograph does not show a foreseeable hazard. See Engram v. Manhattan Bronx Surface Transit OperatingAuthority, 190 App.Div.2d 536, 593 N.Y.S.2d 213 (1993).
A common carrier, such as a bus company, discharges its duty to provide its passenger with a safe place to alight where the passenger takes several steps from the vehicle into a path of her own choosing, in an area not owned or controlled by the carrier, and trips over a spot containing a hidden defect of which carrier was not aware and had no notice to guard against. Parlato v.Connecticut Transit, supra, 181 Conn. 68; see Blye v. Manhattanand Bronx Surface Transit Operating Authority, supra, 124 App.Div. 2
d 112; Diedrick v. City of New York, 162 App.Div.2d 496,556 N.Y.S.2d 698 (1990) (three steps); Douglas v. New York CityTransit Authority, 19 App.Div.2d 707, 241 N.Y.S.2d 472 (1963);Goldberg v. Interurban St. Ry. Co., 90 N.Y.S. 347 (Sup.Ct., App. 1904). Such is the case here. CT Page 464
The defendant's motion for summary judgment is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court