[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Roland Patterson, brings this action seeking to recover for injuries sustained on July 8, 1996 when he fell off a ladder at 9 Red Coat Lane, Redding.
According to his complaint, the plaintiff was hired by the defendant, Ingri Boe Weigaard, to clean and repair gutters, paint, and perform assorted maintenance jobs on the property.
On the date of the fall, Ingri Boe Weigaard was a tenant in possession of 9 Red Coat Lane, having leased the property from the defendants, James S. Fleming and Lucia C. Fleming, pursuant to a written agreement.
The lease, signed by the Flemings on May 15, 1996, and by the tenant on June 5, 1996, covered the period between June 1, 1996 and May 31, 1998.
The entire premises was leased to Ingri Boe Weigaard, with the exception of a "stand alone studio" located on the property which was to remain empty and locked during the term of the lease.
Under the terms of the lease arrangement, the tenant agreed to allow the owners or their agents to:
 [E]nter the premises at reasonable times upon reasonable notice to inspect or make repairs. We will not unreasonably deny you the right to enter the premises. You or your agents may enter the property at any time in case of emergency.
On July 8, 1996, James and Lucia Fleming were residing in Sao Paulo, Brazil, and had no knowledge that the plaintiff, Roland Patterson, had been hired to perform tasks at 9 Red Coat Lane, Redding.
On July 8, 1996, the plaintiff climbed up a ladder and onto the porch roof.
After positioning a second ladder on the roof, he began to climb again.
The ladder slipped, causing the plaintiff to fall, resulting CT Page 13586 in a broken left leg.
Roland Patterson brought suit against the owners of the property, James and Lucia Fleming, and against the tenant in possession, Ingri Boe Weigaard.
He claims that the shingles on the porch roof were loose, uneven, and in a state of disrepair, thus constituting a hazardous condition.
He further claims that the ladder provided to him was defective.
During his deposition, the plaintiff acknowledged that the ladder he had positioned on the porch roof was not defective, and did not cause him to fall.
He further admitted that he did know what caused him to fall.
All defendants have moved for summary judgment.
The defendant, James and Lucia Fleming, in their motion dated June 11, 1999, advance two grounds in support of the granting of summary judgment: (1) no evidence was presented concerning the cause of the plaintiff's fall; and (2) no duty was owed to the plaintiff, Roland Patterson, as a matter of law.
On June 30, 1999, the defendant, Ingri Boe Weigaard, moved for summary judgment citing the failure of the plaintiff to identify any specific defect which caused his fall and the resulting injury.
Notwithstanding his deposition testimony, the plaintiff filed an affidavit dated August 23, 1999, in which he noted that the shingles on the porch roof were old, and were uneven.
He further stated that the debris from the overflowing gutters, including grit and sand, was present on the porch roof.
Although several statements in the affidavit were not made based upon personal knowledge as required by § 17-46 of the Connecticut Practice Book, the plaintiff's observations of the shingles and the debris on the roof were based upon his personal observations made at the time of the fall. CT Page 13587
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when documentary and other evidence demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to a judgment as a matter of law. Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983); Daily v.New Britain Machine Co., 200 Conn. 562, 568 (1986).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
A material fact has been defined as a fact which will make a difference in the result of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578 (1990).
In deciding a motion for summary judgment, a court must view all of the evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185,202 (1995). The burden is upon the moving party to show quite clearly what the law is and that it excludes any real doubt as to the existence of any genuine issue of material fact. Fogarty v.Rashaw, 193 Conn. 442, 445 (1984); Yanow v. Teal Industries,Inc., 178 Conn. 262, 268 (1979).
The court does not determine the issue of fact. The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969).
 GENUINE ISSUE OF MATERIAL FACT IS PRESENT
All parties focus on the deposition testimony of the plaintiff in support of their motions for summary judgment.
The plaintiff stated that he had no knowledge that the ladder he was utilizing was defective, and has produced no expert testimony as to any defect in the ladder, or whether any alleged defect was the proximate cause of any of his injuries.
The plaintiff testified under oath that he did not know what caused him to slip, and no testimony other than that presented by CT Page 13588 Roland Patterson has been offered on the issue of liability or fault.
While statements in the plaintiff's affidavit of August 23, 1999 are tenuous and seek to contradict the deposition testimony, they are nevertheless sufficient to raise a genuine issue of material fact.
Any conclusion of negligence is ordinarily a mixed question of law and fact. Parlato v. Connecticut Transit, 181 Conn. 66, 68
(1980). The summary judgment procedure is therefore ill-adapted to negligence cases. Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 198 (1972).
Because the affidavit of August 23, 1999, filed following oral argument on the motions for summary judgments, raises questions concerning the condition of the shingles and the roof prior to the plaintiff's fall, the plaintiff is entitled to a trial on the merits.
The motion for summary judgment of the defendant, Ingri Boe Weigaard, is therefore denied, and her motion to strike the second count of the affidavit dated August 30, 1999, is also denied.
 DUTY OF PROPERTY OWNER
The defendants, James and Lucia Fleming, argue that they owed no duty to the plaintiff, Roland Patterson, since the defendant, Ingri Boe Weigaard, was in control of the premises at 9 Red Coat Lane, Redding, pursuant to the terms of the lease.
A lessor has no duty to keep in repair any portion of the premises leased to and in the exclusive control of the lessees.Thomas v. Roper, 162 Conn. 343, 348 (1972). Furthermore, the lessor has no obligation to inspect the leased premises unless he has contracted to do so. White v. Edmonds, 38 Conn. App. 175, 181
(1995); Pollack v. Gampel, 163 Conn. 462, 468 (1972).
One visiting premises at the invitation of the tenant has no greater right to recover against the lessor than the tenant enjoys. Webel v. Yale University, 125 Conn. 515, 520 (1939).
A landlord may be liable for injuries sustained by a tenant, or those entering property with the permission of the tenant, CT Page 13589 where a lessor retains control of a portion of the demised premises. In such circumstances, the lessor must use reasonable care to keep that portion of the premises in a reasonably safe condition. Pollack v. Gampel, supra, 468; Panaroni v. Johnson,158 Conn. 92, 98 (1969).
That exception does not apply here, where only the "stand alone study" was excluded from the leased premises.
The tenant, Ingri Boe Weigaard, had exclusive control over the premises leased on July 8, 1996.
The owners enjoyed a right to enter only after receiving permission from the tenant.
Because the defendants, James and Lucia Fleming, did not have the exclusive right to make repairs to the premises, nor a right to inspect absent the consent of the tenant, it cannot be said that they maintained control of the premises. Panaroni v.Johnson, supra, 198; Smith v. Housing Authority, 144 Conn. 13, 16
(1956).
However, the owners of the property may be liable for injuries sustained by the tenant or others resulting from defects which existed on leased premises at the time the lease was made.Webel v. Yale University, supra, 521.
In order to recover against an owner under this exception, the plaintiff must prove that the defect existed at the beginning of the tenancy, and that it could not have been discovered based upon reasonable inspection by the tenant. Masterson v. Atherton,149 Conn. 302, 307 (1962).
Here, it is alleged that the defect, as pinpointed by the plaintiff, concerns the condition of shingles on the roof of a porch, coupled with debris on the roof.
The incident occurred within six weeks of the beginning of the tenancy, June 1, 1996.
Therefore, it cannot be said, as a matter of law, that the claimed defect was not present when the tenancy began, or that it could have been discovered by the defendant, Ingri Boe Weigaard, after reasonable inspection. CT Page 13590
The motion for summary judgment filed by the defendants, James and Lucia Fleming, must therefore be denied.
Both motions for summary judgment are denied.
Radcliffe, J.