[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Meriden Board of Education (board), moves to strike counts one through five of the plaintiffs' amended revised complaint. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "[W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the maimer most favorable to sustaining its legal sufficiency . . ." (Citations omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.) Doev. Yale University, 252 Conn. 641, 667-68, 748 A.2d 834 (2000). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 667.
 I
In count one of the complaint, the plaintiff Sobczak alleges that he was constructively terminated by the board in retaliation for the exercise of his right of free speech in filing a grievance and making the defendant aware of his supervisor's wage and hour fraud, improper overtime procedures, in violation of General Statutes § 31-51q.
Sobczak alleges the following facts in count one. The plaintiffs, Sobczak and DeJesus, are former custodians employed by the board. Both worked at Washington Middle School. In December, 1997, the following events occurred. Sobczak obtained his immediate supervisor's permission to be late for work so that he could go to the doctor for an injury he sustained while working. The supervisor subsequently withdrew the CT Page 12304 permission without explanation. Sobczak later learned that his supervisor filed a complaint about him regarding this matter. Sobczak and DeJesus, together with other custodians, filed a grievance with their union and with the principal of Washington Middle School, accusing their immediate supervisor of harassment, abuse of power, of deceiving and misleading overtime record keeping, and total disregard for the custodians' contract with the defendant. The same day that the custodians filed their grievance, Washington Middle School's principal asked Sobczak to sign a letter admitting he had used profanity when speaking to his immediate supervisor. Sobczak refused.
Shortly after these events, Sobczak was summoned by the head of the board's building and grounds department, who told Sobczak that the only way Sobczak could have known about his immediate supervisor's overtime record keeping was by going through the school secretary's drawer. Sobczak was then told that he could either retire or face criminal charges. Sobczak alleges that he had no choice other than to sign the letter prepared by the department head stating that he would retire.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). A successful motion to strike must be based solely on the factual allegations of the pleading being contested, not on facts that can only be proved by evidence. Kilbride v. Dushkin Publishing Group, Inc.,186 Conn. 718, 719, 443 A.2d 922 (1982).
Sobczak claims in count one that the board constructively terminated him in retaliation for the exercise of his free speech in violation of General Statutes § 31-51q. For reasons that are not apparent, the board does not challenge the plaintiff's claim that he was constructively discharged. It argues that General Statutes § 31-51q does not protect the speech used in the grievance, that the alleged constructive discharge is not a matter of public concern and the alleged incident resulting in Sobczak's resignation does not fall under the statute's protection.
General Statutes § 31-51q (Rev. 1999) provides in relevant part: "Any employer . . . who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by thefirst amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state . . . shall be liable to such employee for damages caused by such discipline or discharge . ..
The grievance which the plaintiff filed, with three other employees, is made an exhibit to the complaint. In Redmond v. Matthies, 149 Conn. 423, CT Page 12305 426 (1962), and Utley v. Nolan, 134 Conn. 376, 377, 58 A.2d 9 (1948), the Supreme Court held that such an exhibit must be considered part of the complaint in the determination of a demurrer. Indeed, in Utley, the court held that the exhibits were "determinative." Since "[t]he purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice"; Cavallo v. Derby Savings Bank, 288 Conn. 281,283 (1982); the court examines the plaintiff's grievance to determine the defendant's motion to strike.
The grievance states:
"To Miss Shellie Pierce;[1]
 "We the custodians, those listed above, working at Washington Middle School filing this grievance against Mr. Edward Boganski, Jr., head custodian, at Washington Middle School on grounds of;
1) Harassment
2) Abuse of power
3) deceiving and misleading overtime record keeping
4) total disregard for our contract
 "Mr. Boganski begun his duties as head custodian on Oct. 27, 97 at Washington Middle School, and as soon as he sat foot into that building, he began to indoctrinate his power through intimidation and threats. Mr. Boganski has accused the custodial staff of not performing their job that were assigned to them with threats and disciplinary actions by Mr. John Cordani. Many of these accusations by Mr. Boganski is nothing but friction. "Mr. Boganski is taking overtime whenever he wishes (not following the agreement of the contract), inflating and not recording all the hours when he works overtime. We the custodians feel strongly that this is a misconduct by Mr. Edward Boganski and he is not qualified to be head custodian."
"As a statutory matter, a statute [such as § 31-51q] that protects constitutional rights in the workplace should not be construed so as to transform every dispute about working conditions into a constitutional question. . . . The statute [§ 31-51q] only applies to expressions CT Page 12306 [1] regarding public concerns that are [2] motivated by an employee's desire to speak out as a citizen. . . ." (Citations omitted; emphasis added.) Cotto v. United Technologies Corp., 251 Conn. 1, 17, 738 A.2d 623
(1999).
"The test [for public concern] is whether, as a matter of law, "the content, form and context of a given statement, as revealed by the whole record, ' constitute speech on a matter of public concern." Giacalone v.Abrams, 850 F.2d 79, 86 (2d Cir. 1988), quoting Connick v. Myers,461 U.S. 138, 147-48 n. 7, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Thus, "whether the subject matter addressed by a particular statement is of public concern involves a question of law for the court." Daley v. AetnaLife Casualty Co., 249 Conn. 766, 777, 734 A.2d 112 (1999). However, "whether a particular statement addresses such a matter depends on its content, its form, and the context in which it is made. This later inquiry necessarily involves a question of fact." Id.; see also Kirkland v. Northside Independent School Dist., 890 F.2d 794, 799 (5th Cir. 1989) ("courts should focus upon the manner, time and place of the employee's expression, as well as the context in which the dispute arose."). Here, the plaintiff and Boganski are both public employees. The defendant board is a governmental entity and public employer. As Connick v. Myers, supra, teaches, however, that does not convert every employment dispute into a matter of free speech.
While the plaintiff's complaints about Boganski's attitude and his accusing "the custodial staff of not performing their job" may not be matters of public concern; Johnson v. Town of Elizabethtown, 800 F.2d 404,406 (4th Cir. 1986); Emerick v. Kuhn, 52 Conn. App. 724, 727, 744,737 A.2d 456, cert. denied, 249 Conn. 929, 738 A.2d 653, cert. denied, ___ U.S. ___, 120 S.Ct. 500, 145 L.Ed.2d 386 (1999); the plaintiff's statement that Boganski, a supervisor, was inflating his documented overtime hours satisfies the test for addressing a matter of "public concern." See Johnson v. Town of Elizabethtown, supra, 800 F.2d 406; cf.Idoux v. Lamar University System, 828 F. Sup. 1252, 1257 (E.D. Tex. 1993), aff'd in part, 37 F.3d 632 (5th Cir. 1994) (allegations of mismanagement in schools almost always matter of public concern).
However, to be within the ambit of General Statutes § 31-51q, the plaintiff must have been motivated to speak out as a public citizen. Cottov. United Technologies Corp., supra, 251 Conn. 17. While it appears highly unlikely from its form, content and the circumstances surrounding the grievance that it was motivated by a desire to speak out as a citizen, "motivation is a quintessential issue of fact." Daley v. AetnaLife Casualty Co., supra, 249 Conn. 778. Questions of fact should not ordinarily be resolved on a motion to strike. Skuzinski v. BouchardFuels, Inc., 240 Conn. 694, 704, 694 A.2d 788 (1997). Although like other CT Page 12307 questions of fact, "it becomes a question of law when the mind of a fair and reasonable person could reach only one conclusion"; Medcalf v.Washington Heights Condominium Assn., 57 Conn. App. 12, 17, ___ A.2d ___, cert. denied, 253 Conn. 923, ___ A.2d ___ (2000) (causation);Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 705-06 (control);Parlato v. Connecticut Transit Co., 181 Conn. 66, 68, 434 A.2d 322 (1980) (negligence); Cusick v. New Haven, 148 Conn. 548, 550, 172 A.2d 905
(1961) (length of time defect must exist to make party chargeable with notice thereof); if the facts provable under the allegations of a complaint would support a cause of action, the motion to strike must fail. Clohessy v. Bachelor, 237 Conn. 31, 33 n. 4, 675 A.2d 852 (1996). And, what is necessarily implied in a complaint need not be expressly alleged. Id. Thus, for purposes of this motion, the complaint necessarily implies that Sobczak was motivated to sign the grievance, in part, as a citizen speaking out. In short, his motivation cannot be determined on a motion to strike. Cf. Wadia Enterprises, Inc. v. Hartford, 224 Conn. 240,250, 618 A.2d 506 (1992). For this reason, the motion to strike the first count is denied.
 II
In count two, Sobczak, alleges that the board terminated his employment in violation of General Statutes § 31-51m because he reported a violation or suspected violation of state or federal laws and regulations. The board moves to strike count two on the ground that Sobczak fails to state a cognizable claim because he failed to file his civil action in the superior court within the time prescribed by §31-51m(c).
General Statutes § 31-51m (Rev, to 1999) provides in relevant part: "(b) No employer shall discharge, discipline or otherwise penalize any employee because the employee . . . reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation . . . to a public body. . . . (c) Any employee who is discharged, disciplined or otherwise penalized by his employer in violation of the provisions of subsection (b) may, after exhausting all available administrative remedies, bring a civil action, within ninety days of the date of the final administrative determination or within ninety days of such violation, whichever is later, in the superior court for the judicial district where the violation is alleged to have occurred or where the employer has its principal office, for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if such violation had not occurred . . ."
Sobczak alleges that he was constructively terminated on December 19, CT Page 12308 1997. He does not allege that he pursued any administrative action after his discharge, let alone exhausted his administrative remedies. Therefore, the ninety days to bring this action began on the day after his discharge, assuming exhaustion of administrative remedies would have been futile. The present action was commenced on November 9, 1998, far more than ninety days after the board constructively discharged Sobczak. Therefore, Sobczak failed to bring this claim within the time prescribed by the statute. For this reason, the board's motion to strike count two of the complaint is granted.
 III
In count three of the complaint, both plaintiffs, Sobczak and DeJesus, allege that the board pursued and maintained a policy and practice of discriminating against older persons possessing the same or better qualifications, certifications and experiences as younger individuals in violation of the Age Discrimination in Employment Act (ADEA),29 U.S.C. § 621 et seq.[2] and General Statutes § 46a-60.[3]
The board maintains that Sobczak and DeJesus fail to state a claim for which relief may be granted because they "failed to exhaust their administrative remedies or file an age discrimination complaint with the Connecticut Commission on Human Rights Opportunities (CHRO) within 180 days of the alleged violation." Sobczak and DeJesus argue that they are seeking compensatory damages for emotional distress, punitive damages and attorney's fees, which are not available through CHRO. Therefore, they argue, they are not required to exhaust administrative remedies prior to bringing their claims because doing so would be futile.
Sobczak and DeJesus are correct insofar as they contend that the CHRO does not have authority to award damages for emotional distress or to award attorney's fees. See Bridgeport Hospital v. Commission on HumanRights Opportunities, 232 Conn. 91, 92-93, 653 A.2d 782 (1995). Nonetheless, they were required to exhaust administrative remedies before bringing suit under either the ADEA or General Statutes § 46a-60.
"The ADEA provides that, before an aggrieved person may initiate a private action, he or she must file with the [federal Equal Employment Opportunities Commission] a charge alleging unlawful age discrimination.29 U.S.C. § 626 (d). If the alleged acts of age discrimination occurred in a state that has enacted a law prohibiting age discrimination in employment and establishing an agency to grant or seek relief from such discrimination (deferral state), the aggrieved person must also file a signed written statement of the facts with the state agency,29 U.S.C. § 633 (b). The person must wait sixty days after filing with either agency before bringing a private action. 29 U.S.C. § 626
(d) and 633(b)." Joo v. Capitol Switch, 231 Conn. 328, 332-33, CT Page 12309650 A.2d 526 (1994). "Connecticut qualifies as a deferral state under § 633(b) of Title 29 of the United States Code. The CHRO is the state agency with which a person pursuing an ADEA claim must file a report. See General Statutes §§ 46a-82 through 46a-96." Id., 332 n. 9.
Similarly, as I have held, a party must exhaust his administrative remedies before the CHRO before resort to the courts claiming a discriminatory practice in violation of General Statutes § 46a-60.Block v. Connecticut Distributors, Superior Court, Judicial District of Fairfield, No. 327673 (May 3, 1996) (16 Conn.L.Rptr. 634).
Sobczak and DeJesus fail to allege that they filed a complaint under with either the EEOC or the CHRO. They also fail to allege in their complaint that they are not required to exhaust administrative remedies because doing so would be futile. With respect to the argument in their brief that resort to the CHRO would be futile, there is no requirement "that a statutory remedy must be equivalent to a potential common-law cause of action for wrongful termination in order for the common-law cause of action to be precluded." Burnham v. Karl Gelb, P.C.,252 Conn. 153, 164-65, 745 A.2d 178 (2000). "It is not the plaintiff's preference for a particular remedy that determines whether the remedy . . . is adequate . . . and an administrative remedy, in order to be adequate, need not comport with the plaintiff's opinion of what a perfect remedy would be. (Internal quotation marks omitted.) Hunt v. Prior,236 Conn. 421, 434, 673 A.2d 514 (1996). "[S]ound policy dictates that the statutory remedial scheme be adhered to since we can presume that the legislature would have provided additional relief in the statute if it thought it necessary." Citations and internal quotation marks omitted.)Burnham v. Karl Gelb, P.C., supra, 252 Conn. 165. In most instances, [the Supreme Court] has held that the failure to exhaust an administrative remedy is permissible only when the administrative remedy would be useless. Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 560, 529 A.2d 666 (1987)." (Brackets omitted; internal quotation marks omitted.) Johnson v. Statewide Grievance Committee,248 Conn. 87, 104, 726 A.2d 1154 (1999); see Hunt v. Prior, supra, (administrative remedy that provided opportunity for reinstatement not futile because it was not authorized to grant relief for allegedly tortious breach of contract, including compensatory and punitive damages, attorney's fees and costs); Savoy Laundry, Inc. v. Stratford,32 Conn. App. 636, 630 A.2d 159, cert. denied, 227 Conn. 931, 632 A.2d 704
(1993) (administrative remedies available to plaintiff under statute not inadequate, despite fact that complaint sought relief, including punitive damages and attorney's fees, not available under statutory scheme, where essence of plaintiff's claim involved matter within authority vested in administrative agency).
CT Page 12310 The relief that the CHRO can award is far from anemic, CHRO can award reinstatement and back pay. General Statutes § 46a-86 (b). Furthermore, "[a]ny person who has timely filed a complaint with the [CHRO] in accordance with section 46a-82 and who has obtained a release from the commission in accordance with section 46a-83a or 46a-101, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the respondent transacts business. . . ." General Statutes § 46a-101
(Rev. 1999). Thus, after the proscribed administrative remedies are exhausted, the aggrieved party may bring a civil action and "the courtmay grant a complainant in an action brought in accordance with section46a-100 such legal and equitable relief which it deems appropriate including, but not limited to, temporary or permanent injunctive relief,attorney's fees and court costs." (Emphasis added.) General Statutes § 46a-104 (Rev. 1999).
"In deciding the jurisdictional issue of whether the plaintiffs exhausted their administrative remedies, we are limited to the well pleaded facts of the plaintiffs' complaint . . . The plaintiffs have not alleged that they exhausted their administrative remedies, or, in the alternative, that they need not have exhausted those remedies because they fit into an exception to the doctrine. . . ." (Citations omitted.)Caltabiano v. Phillips, 23 Conn. App. 258, 264, 580 A.2d 67 (1990). Therefore, the board's motion to strike count three of the complaint is granted.
 IV
In count four, both plaintiffs allege that the board entered into employment contracts at various times with each of them and that an implied covenant of those contracts was that the board would treat them fairly. The complaint further alleges that, because of various actions on the part of the board's agents, servants and employees, this implied covenant of good faith and fair dealing was breached. The board moves to strike this count of the complaint, arguing that the plaintiffs have merely realleged constructive termination, discrimination and whistleblowing from counts one through three of the complaint and fail to state how the board breached an implied covenant of good faith and fair dealing.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Gupta v.New Britain General Hospital, 239 Conn. 574, 598, 687 A.2d 111 (1996). InMagnan v. Anaconda Industries, Inc., 193 Conn. 558, 569, 479 A.2d 781
(1984), the Supreme Court held that the covenant of good faith and fair CT Page 12311 dealing specifically extended to employment contracts.
"Traditionally, an employment contract of indefinite duration is terminable at the will of either party. . . . In Sheets v. Teddy'sFrosted Foods, Inc., 179 Conn. 471, 475, 427 A.2d 385 (1980), our Supreme Court articulated a narrow exception to this rule when it recognized a common law cause of action in tort for a discharge "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose Impropriety is derived from some important violation of public policy. . . ."In Magnan v. Anaconda, Industries, Inc., supra, 572, our Supreme Court held that a plaintiff also has a cause of action for wrongful discharge in contract for violation of the implied covenant of good faith and fair dealing. That cause of action, however, is coterminous with, and extends no further than, a cause of action for wrongful discharge in tort. Id." Battista v. United Illuminating Co.,10 Conn. App. 486, 495, 523 A.2d 1356, cert. denied, 204 Conn. 802,525 A.2d 965 (1987).
In count four, Sobczak and DeJesus incorporate paragraphs one through twelve of count one. In count one, paragraph six, Sobczak alleges that he filed a grievance alleging, among other things, that his supervisor breached the collective bargaining agreement. Sobczak and DeJesus also incorporate paragraphs one through fourteen of count three into count four of the complaint. There are two counts numbered three in the carelessly drafted amended complaint. The first count three applies to Sobczak, while the second count three applies to DeJesus. In the first count three, Sobczak incorporates paragraphs one through twelve of count one, which include the allegations that Sobczak's supervisor breached the collective bargaining agreement. In the second count three, DeJesus alleges that he, along with Sobczak and other custodians, filed a grievance alleging, among other things, that their direct supervisor breached the collective bargaining agreement.
With respect to DeJesus, the fourth count is not duplicative. With respect to Sobczak, the fourth count is essentially duplicative of the fifth count, which alleges a common law cause of action with respect to Sobczak. Insofar as the fourth count alleges a cause of action in contract on behalf of Sobczak and the fifth count alleges a cause of action in tort on behalf of Sobczak, however, there is no improper
duplication. Under our practice, a plaintiff may bring a complaint in both tort and contract arising out of the same transaction. Practice Book § 10-21; Wells v. Active Automobile Exchange, Inc., 99 Conn. 523,529, 121 A. 883 (1923).
 V
CT Page 12312 In count five, Sobczak alleges that his constructive termination was wrongful and in violation of public policy supporting first amendment rights. The board moves to strike count five of the complaint on the ground that, although the count alleges a violation of public policy, Sobczak fails to allege or identify the specific statutory citation of the public policy.
A cause of action under Sheets v. Teddy's Frosted Foods, Inc., supra,179 Conn. 471 and its progeny may be based on "violations of public policy as expressed in explicit statutory or constitutional provisions, or judicial decisions." Faulkner v. United Technologies Corp., 240 Conn. 576,585, 693 A.2d 393 (1997). In count five, Sobczak incorporates paragraphs one through twelve and paragraphs thirteen and fourteen of count one. In count one, paragraph thirteen, Sobczak alleges that his employment was constructively terminated in retaliation for his exercise of free speech as guaranteed by the first amendment to the United States constitution, the constitution of Connecticut, article first, §§ 4 and 14, and by General Statutes § 31-51q. Thus, in count five, Sobczak alleges a violation of public policy by the board based on specific constitutional provisions.
It must be observed that in ruling on this motion, the court has circumscribed its analysis and decision to the grounds that the defendant has presented. Blancato v. Feldspar Corporation, 203 Conn. 34, 44,522 A.2d 1235 (1987). See Burnham v. Karl Gelb, P.C., supra,252 Conn. 153 (statute prohibiting discipline or discharge of employees who report to a public body violations of law by employers precludes the bringing of a common law action for wrongful discharge based on violation of the public policy embodies in the statute.)
The motion to strike is granted as to counts two and three and denied as to counts one, four and five.
BY THE COURT
 Bruce L. Levin Judge of the Superior Court