[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 142)
The plaintiff, Janet Wint, was injured when she tripped and fell on a carpet that was bunched up on the platform of the Bridgeport train station. The plaintiff brought an action against the owner of the premises, the city of Bridgeport, as well as Ronald Dodsworth, who was the general manager of the Greater Bridgeport Transit District,[1] and the National Railroad Passenger Corporation a/k/a Amtrak. On October 22, 1998, the court, Thim, J., granted the plaintiff's motion to cite in an additional party, Metro-North Commuter Railroad.
The plaintiff's second amended complaint contains eight counts. In the first four counts against the city of Bridgeport and-Dodsworth, the plaintiff alleges, inter alia, that the city of Bridgeport owned and maintained possession and control of the Bridgeport Train Station. The plaintiff further alleges that the city of Bridgeport, through its agent and employee Dodsworth, had a duty to maintain the premises in a reasonably safe condition, and that it breached that duty. In counts five and six, the plaintiff alleges that Amtrak owned and maintained possession and control over the Bridgeport train station, and asserts causes of action against Amtrak for negligence and public nuisance. In counts seven and eight, the plaintiff alleges that Metro North owned and maintained possession and control of the Bridgeport Train Station, and asserts causes of action against Metro North for negligence and public CT Page 13372 nuisance.
Amtrak now moves for summary judgment on counts five and six. Amtrak filed a memorandum of law in support of its motion for summary judgment (Defendant's Memorandum) together with an affidavit from Amtrak's manager, C.F. Kleykamp, and an agreement between the City of Bridgeport and the State of Connecticut Department of Transportation. The plaintiff filed an objection to the motion for summary judgment, and a memorandum in support thereof.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363,368, 746 A.2d 753 (2000). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Great Country Bank v. Pastore, 241 Conn. 423, 436, 696 A.2d 1254
(1997).[2]
Amtrak argues that it does not own or have possession and control of the premises, and, therefore, it is not liable for unsafe conditions at the Bridgeport train station. In response, the plaintiff argues that Amtrak, as a common carrier, owes a heightened duty of care to the plaintiff. Amtrak replies that although in Connecticut a common carrier owes a heightened duty of care, the modern trend is to hold a common carrier to the same degree of care as any potential tortfeasor.
"[A] common carrier of passengers for-hire has the duty to use the utmost care consistent with the nature of its business to guard its passengers against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances, and this high degree of care is required during the period of a passenger's alighting as well as during transportation." Parlato v. Connecticut Transit, 181 Conn. 66,67, 434 A.2d 322 (1980); see also Roden v. Connecticut Co., 113 Con. 408, 410, 155 A. 721 (1931). "The duty [a common carrier owes] to its passengers may, under certain circumstances, include giving a warning of dangerous conditions or of impending peril. . . . But it is unquestionably the duty of the carrier to provide its passengers with a reasonably safe place to alight." (Citations omitted.) Josephson v.Meyers, 180 Conn. 302, 305, 429 A.2d 877 (1980). "Fixing the boundaries CT Page 13373 of that duty with respect to any particular set of circumstances is the responsibility of the courts. This involves a very delicate balancing of such circumstances as logic, common sense, science and public policy." (Internal quotation marks omitted.) Garcia v. Connecticut Transit Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 400885 (January 21, 1999, Levin, J.), quoting Blye v. Manhattan andBronx Surface Transit Operating Authority, 124 App.Div.2d 106,108-09, 511 N.Y.S.2d 612 (1987).
In the present case, Amtrak conceded-that it is a common carrier. As a common carrier, Amtrak owes a heightened duty of care to its passenger to maintain the premises where its passengers may be boarding or alighting from the train in a reasonably safe condition. In the case of the Bridgeport train station, a known and fully accessible stop for Amtrak, it is not unreasonable that Amtrak's duty to its passengers extends to the building through which passengers pass prior to boarding or after alighting from its trains. This heightened duty, however, would only extend to the plaintiff if two conditions are met. First, the plaintiff must have been a passenger (or would-be passenger) of Amtrak because the Supreme Court has "refused to apply the standard to a common carrier except when the actual relationship of common carrier and passenger exists." Hunt v. Clifford, 152 Conn. 540, 544, 209 A.2d 182 (1965); see also Vaughn v. Healy, 120 Conn. 589, 592, 182 A. 199 (1935). In other words, if the plaintiff was not at the Bridgeport train station to board, or after alighting from, an Amtrak train, then Amtrak would not have a heightened duty of care to her. Second, Amtrak must have known about the defective or unsafe condition. Specifically, the plaintiff must show that "the defendant was aware of or had notice to guard against a defective condition which might reasonably and naturally be expected to occur in view of all the circumstances which existed at the time. . . ."Parlato v. Connecticut Transit, supra, 181 Conn. 68; see also Bogan v.New Haven, 38 Conn. Sup. 477, 479, 451 A.2d 588 (1982). Both of these issues are fact issues which are material to the plaintiff's causes of action against Amtrak. Because there are genuine issues of material fact as to whether the plaintiff was in fact a passenger or intended passenger of Amtrak and whether Amtrak was aware of the unsafe condition, Amtrak's motion for summary judgment is denied.
Based on the foregoing, Amtrak's motion for summary judgment is denied.